553 A.2d 487

Barbara Lynn Shapowal, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 30, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Barbara L. Shapowal*, petitioner, for herself.

*Maribeth Wilt-Seibert,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MCGINLEY, January 24, 1989:

This is an appeal by Barbara L. Shapowal (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision and denied Claimant benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

The pertinent findings made by the Board indicate that Claimant was employed as a research technician by the University of Pennsylvania (Employer) from October 7, 1987, until her last day of employment on March 10, 1988. The Board found that the Employer scheduled a meeting on March 10, 1988 to discuss Claimant's job performance.[2] Claimant refused to attend the meeting or discuss the job performance issues.[3] Claimant was relieved of her duties on March 10, 1988 because of her

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] The referee made the following pertinent finding of fact:

2. Claimant was discharged for the following reasons:

(a) continually bringing drinks into the radioactive lab even though this is directly opposed to the University's law;

(b) continually misusing the drying oven and vacuum filter in the drying of the samples;

(c) continually complaining about equipment not operating when such equipment was functional and the claimant was not using the equipment properly;

(d) failure to notify her supervisor of all essays performed although instructed to do so;

(e) continually performing essays in the main biochemistry lab instead of the radio isotope lab although instructed to do so; and,

(f) refusing to discuss the above performance issues with her supervisor on 3-10-88.

The referee's findings of fact, June 7, 1988.

[3] Board's findings of fact No. 5.

insubordinate behavior and failure to attend a subsequent meeting on March 15, 1988 to discuss her job performance.[4] Claimant was terminated from her employment on March 17, 1988.

On appeal to our Court, Claimant appears to assert that the Board's decision is against the law. Our review of Claimant's brief, however, discloses that Claimant has failed to preserve a single issue for our consideration inasmuch as she has not complied with Pa. R.A.P. 2116 (pertaining to contents of briefs) which pertinently provides:

Statement of Questions Involved

(a) General Rule. The statement of the questions involved must state the question or questions in the briefest and most general terms. ... This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.

Since Claimant has failed to properly state any questions for our consideration, we shall consider none. *Lucarelli v. Workmen's Compensation Appeal Board (Emerson Electric)*, 119 Pa. Commonwealth Ct. 72, 546 A.2d 151 (1988); *Wicker v. Civil Service Commission*, 74 Pa. Commonwealth Ct. 548, 460 A.2d 407 (1983).

Accordingly, we affirm the order of the Board.

ORDER

NOW, January 24, 1989, the order of the Unemployment Compensation Board, dated August 11, 1988 at B-267730 is affirmed.

---

[4]Board's findings of fact Nos. 7, 8, 9.