631 A.2d 720

**Thomas J. DALY, III, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 4, 1993.

Decided Aug. 24, 1993.

Thomas J. Daly, III, petitioner, pro se.

James K. Bradley, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before COLINS and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

Thomas J. Daly, III (claimant), petitions for review of a decision and order of the Unemployment Compensation Board of Review (Board) affirming the referee.

Claimant filed an unemployment compensation claim with an effective date of January 5, 1992, establishing a weekly benefit rate of $102.00 and a partial benefit credit of $41.00. During the weeks relevant to this appeal, January 11 to February 1, 1992, claimant worked part-time for G.L. Kautz (employer) in the marketing department and earned $7.00 per

hour. Claimant also worked part-time for Concepts 100 Real Estate Company (employer) as a telemarketer during this same time period, earning $7.00 per hour. Claimant's earnings for those weeks amounted to:

| WEEK | G.L. KAUT | CONCEPTS 100 REAL ESTATE | TOTAL |
|---|---|---|---|
| 1/11/92 | $52.50 | $49.00 + $15.00 bonus | $116.00 |
| 1/18/92 | 80.50 | 49.00 + 15.00 bonus | 144.50 |
| 1/25/92 | 63.00 | 49.00 + 15.00 bonus | 127.00 |
| 2/01/92 | 70.00 | 49.00 + 15.00 bonus | 134.00 |

The Bureau of Unemployment Compensation Benefits and Allowances (Bureau) issued a determination denying benefits to claimant. Claimant appealed to the referee, who reversed the Bureau and granted benefits for the weeks ending January 11, January 25 and February 1, 1992. The referee affirmed the Bureau's denial of benefits for the week ending January 18, 1992. Both employers and claimant appealed the referee's decision to the Board, but the Board affirmed the referee's decision. Claimant, pro se, filed the present appeal to this Court.

 Claimant's appeal, however, is lacking in both form and substance to a degree which precludes any meaningful review by this Court. Claimant's brief does not comply with the Pennsylvania Rules of Appellate Procedure, in that it fails to set out the "Statement of Questions Involved" required by Pa.R.A.P. 2116, which provides, in pertinent part:

(a) *General rule.* The statement of the questions involved must state the question or questions in the briefest and most general terms. . . . This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.

This rule applies to all briefs, regardless of whether they are written by an attorney or by a party in his or her own behalf.

 Moreover, claimant fails to raise any issues in his brief that are within the scope of this Court's review. Our scope of review is limited to determining whether the findings of fact

are supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Wertman v. Unemployment Compensation Board of Review*, 103 Pa.Commonwealth Ct. 376, 520 A.2d 900 (1987).

■ It is unfortunate that claimant's pro se brief was not sufficiently clear to allow for review. This Court understands that parties sometimes do not have sufficient means to hire an attorney. However, as an appellate court, this Court does not have the same opportunity as a trial court to hear testimony from witnesses and to weigh the credibility of those witnesses. For this reason, the Pennsylvania Rules of Appellate Procedure exist to ensure that litigants present appeals of sufficient clarity to allow appellate courts to evaluate those appeals with the benefit only of the record below.

■ Any lay person who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing. *Groch v. Unemployment Compensation Board of Review*, 81 Pa.Commonwealth Ct. 26, 472 A.2d 286 (1984). Claimant's failure to adhere to the rules of appellate procedure and his failure to raise any issues within our scope of review preclude any meaningful review by this Court. *Shapowal v. Unemployment Compensation Board of Review*, 123 Pa.Commonwealth Ct. 92, 553 A.2d 487 (1989).

Accordingly, we must quash the petition for review.

## ORDER

AND NOW, this 24th day of August, 1993, the appeal in the above-captioned matter is quashed.

PELLEGRINI, J., concurs in result only.