**Thomas E. MEANS, Appellant,**

v.

**HOUSING AUTHORITY OF the CITY OF PITTSBURGH, Plumbers Laborers' Local Union No. 347, Laborers' District Council of Western Pennsylvania and Pittsburgh Building & Construction Trades Council.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 12, 1999.

Decided March 15, 2000.

Thomas E. Means, appellant, pro se.

Stanford A. Segal, Pittsburgh, for appellee, Pittsburgh Bldg. and Const. Trades Council.

Stephen M. Schmerin, Pittsburgh, for appellee, Plumbers Laborers' Local Union 347.

Neva L. Stanger, Pittsburgh, for appellee, Housing Authority of the City of Pittsburgh.

Before McGINLEY, J., KELLEY, J., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

Appellant Thomas E. Means (Means) appeals *pro se* from, presumably [1], an order of the Court of Common Pleas of Allegheny County (trial court) which granted a motion for judgment on the pleadings by Appellee Housing Authority

---

**1.** In violation of Pennsylvania Rule of Appellate Procedure 2115, Means does not articulate what order or other determination he appeals from in the Order in Question portion of his brief. The cover of Means's brief states that he is appealing "the order, entered September 6, 1998, by the Court of Common Pleas of Allegheny County ..." The record contains an order of that court dated September 5, 1996, at the same docket number.

of the City of Pittsburgh (Authority). Also before this Court for disposition is a motion, filed by the Authority, to quash Means's appeal for failure to file an appellate brief in accordance with the mandatory briefing requirements of the Pennsylvania Rules of Appellate Procedure.

Means filed a complaint in the trial court alleging that he had been wrongfully discharged from his employment with the Authority.[2] Upon motion by the Authority, the trial court entered a judgment on the pleadings in the Authority's favor, and dismissed Means's complaint. Means thereafter timely, but improvidently, filed a notice of appeal with Superior Court on September 12, 1996. Means was instructed by Superior Court to file a statement of matters complained of by September 30, 1996. On June 19, 1997, the Authority filed with Superior Court a motion to quash improvidently filed appeal. Means subsequently filed his statement of matters complained of with Superior Court on July 24, 1997. On August 14, 1997, Superior Court denied the Authority's motion to quash without prejudice to Authority to renew said motion in thirty days if Means had not, within that time, made requested corrections to his notice of appeal. Upon Means's failure to make the requested corrections, the Authority renewed its motion to quash, which was granted by Superior Court by an order dated January 7, 1998. On November 6, 1998, Means filed a motion for reconsideration with Superior Court, which was granted by an order dated December 7, 1998. The December 7, 1998 order of Superior Court additionally granted Means thirty days in which to file a corrected notice of appeal. Means filed a corrected notice of appeal on January 6, 1999, and filed an appellate brief with Superior Court on April 29, 1999. The Authority filed an appellate brief and a motion to quash for want of jurisdiction

with the Superior Court on June 1, 1999. On June 24, 1999, Superior Court transferred this case, *sua sponte*, to this Court.

Upon review of the proceedings and filings of the parties made in Superior Court, this Court filed an order dated August 9, 1999, which read:

NOW, August 9, 1999, upon consideration of the motion of appellee Housing Authority of Pittsburgh to quash, and after review of appellant's brief, and it appearing that appellant's brief fails to comply with the Rules of Appellate Procedure in that it lacks a statement of scope and standard of review, a statement of the case, a summary of argument, and the text is not double-spaced, it is stricken. Appellant shall file 15 copies of a brief that complies with the Pennsylvania Rules of Appellate Procedure no later than September 9, 1999, or the appeal will be dismissed as of course.

Supplemental Reproduced Record (S.R.R.) at 163b.

▆ Means thereafter filed a new brief with this Court on September 7, 1999. The Authority, upon motion granted by this Court, then filed a substitute brief and another motion to quash. Due to Means's substantial and repeated failures to comply with the briefing requirements articulated in the Rules of Appellate Procedure, we will grant the Authority's motion to quash.

Among other failures to comply with the mandatory briefing requirements, Means has again failed to provide this Court with a Standard of Review, a Scope of Review, a Statement of the Case, and a Summary of the Argument that fulfill the Rules of Appellate Procedure requirements. Mean's Standard of Review is set forth in one uncited, cryptic question that merely inquires whether the Court acted in a proper manner.[3] Means's Scope of Review

---

**2.** We note that our recitation of the history of this case is summarized from the record. Means has provided no procedural or factual statement of the history of this case in his brief.

**3.** The Note following the 1999 Amendment to Pa.R.A.P. 2111 provides that the " 'standard

is a partial recitation of, and citation to, a jurisdictional statute applicable only to Superior Court.[4] *See generally* Pa.R.A.P. 2111. Means's Statement of the Case consists of one sentence that does not fulfill the requirements of any of the four subsections of Pa.R.A.P. 2117.[5] Means's Summary of Argument section articulates only a single argument, which is not addressed or developed in the Argument section in violation of Pa.R.A.P. 2118 and 2119.[6] The

Summary section does not present a succinct, accurate, and clear picture of the arguments that are seemingly discussed in the eight-page Argument section. Most tellingly, our scrutiny of both Means's Statement of Questions Presented, and his Argument section, fail to provide this Court with even the most rudimentary understanding of precisely what issues are before this Court, and what argument or

of review' refers to the manner in which (or 'how') [the appellate court's] examination is conducted." (citation omitted).

4. The Note following the 1999 Amendment to Pa.R.A.P. 2111 provides that the " 'scope of review' refers to the confines within which an appellate court must conduct its examination." (citation omitted).

5. Rule 2117 requires, *inter alia*, a statement of the form of action, a procedural history of the case, a statement of the prior determination of any other court in the same case, a narrative chronological statement of all facts which are necessary to be known in order to determine the points in controversy, and a statement of the order being reviewed.

6. Rule 2118. Summary of Argument
     The summary of argument shall be a concise summary of the argument of the party in the case, suitably paragraphed. The summary of argument should not exceed one page and should never exceed two pages. The summary of argument should not be a mere repetition of the statement of questions presented. The summary should be a succinct, although accurate and clear picture of the argument actually made in the brief concerning the questions.
     Rule 2119. Argument
     (a) General rule. The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
     (b) Citations of authorities. Citations of authorities must set forth the principle for which they are cited. Citations of uncodified statutes shall make reference to the book and page of the Laws of Pennsylvania (Pamphlet Laws) or other official edition, and also to a standard digest, where the statutes may be found. Citations of provisions of the Pennsylvania Consolidated Statutes may be in the form: "1 Pa.C.S. § 1928 (rule of strict and

liberal construction)" and the official codifications of other jurisdictions may be cited similarly. Quotations from authorities or statutes shall also set forth the pages from which they are taken. Opinions of an appellate court of this or another jurisdiction shall be cited from the National Reporter System, if published therein, and to the official reports of Pennsylvania appellate courts, if published therein.
     (c) Reference to record. If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (see Rule 2132) (references in briefs to the record).
     (d) Synopsis of evidence. When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.
     (e) Statement of place of raising or preservation of issues. Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross reference to the page or pages of the statement of the case which set forth the information relating thereto required pursuant to Rule 2117(c) (statement of place of raising or preservation of issues), or substantially the same information.
     (f) Discretionary aspects of sentence. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

arguments Means asserts.[7]

As we have previously written, "the Pennsylvania Rules of Appellate Procedure exist to ensure that litigants present appeals of sufficient clarity to allow appellate courts to evaluate those appeals with the benefit only of the record below." *Daly v. Unemployment Compensation Board of Review,* 158 Pa.Cmwlth. 130, 631 A.2d 720, 722 (1993). While this Court is generally inclined to construe *pro se* filings liberally,[8] Means's repeated and substantial noncompliance with the Rules of Appellate Procedure impair our ability to discern his issues and arguments, and preclude any meaningful appellate review of this case. "[A]ny lay person who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing." *Id.* Means's brief does not provide the requisite clarity that would enable this Court to proceed with a review of this case. In light of our previous order striking his initial brief and allowing the submission of a second effort that complies with the Pennsylvania Rules of Appellate Procedure, we will grant the Authority's motion to quash the instant appeal.

Accordingly, the instant appeal is quashed.

### ORDER

AND NOW, this 15th day of March, 2000, Appellee Housing Authority of the City of Pittsburgh's motion to quash is granted. The appeal in the above-captioned matter is quashed.

---

7. We also note that Means's Argument section is not organized, divided and labeled as required by Pa.R.A.P. 2119. The depth of Means's disorganization precludes any comprehension by this Court of precisely what Means is arguing.

8. *Robinson v. Schellenberg,* 729 A.2d 122 (Pa. Cmwlth.1999).