J-A33036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DOMENIC A. TRICOME | |
| Appellant | No. 1581 EDA 2014 |

Appeal from the Judgment of Sentence of April 9, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-47-CR-0005855-2012

BEFORE:  LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED JANUARY 12, 2015**

Domenic A. Tricome appeals *pro se* the judgment of sentence entered on April 9, 2014.  We affirm.

On July 21, 2012, Tricome sent Ethan Barlieb, Esq., a threatening voicemail message.  At that time, Barlieb was an attorney who represented an opposing party in a civil lawsuit between Tricome and his former business partner.  Tricome's July 21, 2012 voicemail provided as follows:  "Hey you fucking coward.  I sued ya.  You're lucky I didn't put a bullet in your head. You fucking piece of shit, pussy.  You're dead.  You're fucking dead.  You better hope that you go to jail, pussy."  Trial Court Opinion ("T.C.O."), 7/2/2014, at 2.  On July 23, 2012, Barlieb contacted Detective Dirk Boughter

_____

[*]     Retired Senior Judge assigned to the Superior Court.

of the Montgomery County Detective Bureau (the investigative branch of the Montgomery County District Attorney's Office), who identified Tricome as the source of the threatening message.

On July 24, 2012, Tricome was arrested and charged with terroristic threats and harassment.[1] On January 8, 2014, a jury found Tricome guilty of those offenses. At his sentencing hearing on April 9, 2014, Tricome informed the court that he wanted to represent himself both at sentencing and on appeal, and signed a written waiver-of-counsel colloquy. The trial court then sentenced Tricome to a two-year term of probation.

On April 21, 2014, Tricome timely filed a post-sentence motion, which the trial court denied on April 24, 2014.[2] On May 22, 2014, Tricome timely filed a notice of appeal. On May 28, 2014, the trial court ordered Tricome to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days of the date of that order. On June

---

[1]    18 Pa.C.S. §§ 2706, 2709.

[2]    The trial court incorrectly states that Tricome's post-sentence motion, which he filed on April 21, 2014, was untimely filed. T.C.O. at 1 n.2. Our review of the record reveals that Tricome's judgment of sentence was entered on April 9, 2014; hence, he was required to file any post-sentence motions on or before April 19, 2014. *See* Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."). However, April 19, 2014, fell on a Saturday. Accordingly, Tricome's April 21, 2014 post-sentence motion was timely filed. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation.").

20, 2014, the twenty-third day after the trial court's order, Tricome filed his Rule 1925(b) statement, which spanned thirteen pages and asserted twenty-eight errors.[3] On July 2, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Tricome now presents five issues for our review:

1.   Was the arrest legal?

2.   If the arrest was legal, should a new trial be granted?

3.   If a new trial is granted, should presiding Judge William Carpenter be removed?

4.   If a new trial is granted, should the Montgomery County, Pennsylvania District Attorney's Office be disqualified?

5.   Should a special prosecutor be appointed?

Brief for Tricome at 1-2.

Before addressing the merits of Tricome's claims, we must evaluate whether he properly has preserved those issues for our review, as required by Pa.R.A.P. 1925(b). It is well-settled that the untimely filing of a 1925(b) statement, regardless of the length of the delay, automatically results in waiver of all issues on appeal. *See Commonwealth v. Castillo*, 888 A.2d 775, 776 (Pa. 2005). In *Commonwealth v. Hill*, 16 A.3d 484 (Pa. 2011),

---

[3]    In his Rule 1925(b) statement, Tricome also demands that the court "[r]ecommend for prosecution" the trial court judge, the prosecutor assigned to his case, and the Montgomery County Public Defender's Office. *See* Tricome's Statement of Errors Per Rule 1925(b), 6/20/2014, at 13. He also requests $20,000 in "sanctions." *Id.*

our Supreme Court summarized and reiterated the consequences of failing to file a timely concise statement:

> Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

**Id.** at 494 (citation modified).

Although Pennsylvania courts endeavor to be fair to *pro se* litigants in light of the challenges they face conforming to practices with which attorneys are far more familiar, **see Means v. Housing Auth. of the City of Pittsburgh**, 747 A.2d 1286, 1289 (Pa. Cmwlth. 2000) (noting that the Commonwealth Court "is generally inclined to construe *pro se* filings liberally"), nonetheless *pro se* litigants must comply substantially with our rules of procedure. **See Laird v. Bernard**, 528 A.2d 1379 (Pa. Super. 1987).

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (some citations omitted).

Instantly, the trial court issued an order on May 28, 2014, directing Tricome to file a Rule 1925(b) statement within twenty-one days (*i.e.,* on or before June 18, 2014).[4] Nevertheless, Tricome did not file his *pro se* Rule 1925(b) statement until June 20, 2014, two days after the filing period expired. As a result, following our Supreme Court's directive in *Castillo*, we are constrained to conclude that Tricome has waived all issues on appeal due to his failure to file timely a concise statement of errors complained of on appeal. *See Hill*, 16 A.3d at 494.[5]

_____

[4] A notation appears on the docket indicating that the prothonotary provided notice of the trial court's concise statement order to Tricome on May 28, 2014. Additionally, there is a notation on that order confirming that notice was given to the parties on May 28, 2014. Accordingly, the twenty-one day time limit began to run as of that date. *See* Pa.R.C.P. 236; *cf. In re L.M.*, 923 A.2d 505, 508-09 (Pa. Super. 2007) (holding that the appeal period start to run once the docket indicates that Rule 236 notice has been given).

[5] Even if Tricome had filed a timely Rule 1925(b) statement, we nevertheless would find his issues to be waived due to his failure to present arguments that are sufficiently developed for our review. *See* Pa.R.A.P. 2119(a), (b), (c). Tricome's argument section, which consists of a single conclusory paragraph, does not include any citations to the certified record or to any pertinent legal authorities, and it contains no coherent legal

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/12/2015</u>

---

*(Footnote Continued)* ────────

argument. ***See*** Brief for Tricome at 2. Rule 2101 grants us the authority to dismiss an appeal when, as is the case here, the defects in an appellant's brief are substantial. Pa.R.A.P. 2101.