J-A14001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHERLENE GUDALEFSKY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DR. JOHN NIPPLE, PHYSICIAN WITH COMMUNITY GENERAL OSTEOPATHIC HOSPITAL, | |
| Appellee | No. 1696 MDA 2014 |

Appeal from the Order September 8, 2014
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2013-CV-10101-MM

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 16, 2015**

Cherlene Gudalefsky appeals *pro se* from the order entered September 8, 2014, denying her petition to open a judgment of *non pros* awarded in favor of Dr. John Nipple (Appellee) in this medical malpractice case.  We affirm.

In November 2013, Appellant, proceeding *pro se*, initiated this action by writ of summons against Appellee.  Appellant filed a complaint in March

_____

[*] Retired Senior Judge assigned to the Superior Court.

2014, alleging medical malpractice resulting in the death of her mother, Ms. Shirley Homer.[1]

Appellant did not file a certificate of merit with her complaint. Accordingly, Appellee filed a notice of his intention to enter a judgment of *non pros*.

In April 2014, Appellant filed a document, entitled "Certificate of Qualified Expert." The document appears to be a summary report authored by Dr. Terrance L. Baker, who suggests that Appellee breached the applicable standard of care during the course of his treatment of Appellant's mother.

In May 2014, Appellee filed a praecipe for entry of judgment of *non pros* on the ground that Appellant had not filed a proper certificate of merit. Thereupon, the Dauphin County Prothonotary entered judgment in Appellee's favor.

_____

[1] Appellant's complaint fails to conform to our rules of civil procedure in numerous ways. **See generally** Pa.R.C.P. 1017-1034. Further complicating our review, Appellant has committed similar errors in *every* filing in both the trial court and this Court. The courts of this Commonwealth are "generally inclined to construe *pro se* filings liberally." **Commonwealth v. Spuck**, 86 A.3d 870, 874 (Pa. Super. 2014) (citing **Means v. Housing Auth. of the City of Pittsburgh**, 747 A.2d 1286, 1289 (Pa. Cmwlth. 2000)). Nevertheless, *pro se* litigants are not entitled to any particular advantage, **see Warner v. Univ. of Pa. Health Sys.**, 874 A.2d 644, 648 (Pa. Super. 2005), and "any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing." **In re Ullman**, 995 A.2d 1207, 1212 (Pa. Super. 2010).

In June 2014, Appellant filed a motion, denied by the trial court for failing to comply with local rules, and thereafter, an amended motion, asserting that she had filed a suitable substitute for a certificate of merit and requesting that the trial court reopen her case. In September 2014, the trial court denied Appellant's prayer for relief.[2] Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Initially, we address Appellee's contention that Appellant has failed to preserve any challenge to the trial court's order. In particular, Appellee contends that Appellant's Pa.R.A.P. 1925(b) statement does not identify concisely an error of the trial court but rather presents a broad narrative of her discontent. **See** Pa.R.A.P. 1925(b)(4)(ii) ("The [s]tatement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). In our view, Appellant's narrative was sufficient to put the trial court, and this Court, on notice as to the issues she intended to raise on appeal. It does not hinder appellate review. **See Taylor v. Owens-Corning Fiberglas**

---

[2] The trial court interpreted Appellant's amended motion as a petition to open judgment of *non pros*.

***Corp.***, 666 A.2d 681, 688 (Pa. Super. 1995). Thus, we decline to find waiver.[3]

Following our review of Appellant's Pa.R.A.P. 1925(b) statement, appellate brief, and reply brief, it is apparent that Appellant contends the trial court erred in denying her petition to open judgment of *non pros*. More generally, Appellant also disputes the process by which judgment of *non pros* was entered against her.

A petition to open judgment of *non pros* may be brought under Pa.R.C.P. 3051. According to the rule, the petition must allege facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or excuse for the conduct that gave rise to the entry of judgment, and (3) there is a meritorious, underlying cause of action. ***See*** Pa.R.C.P. 3051(b).

We review a trial court's decision under Rule 3051 for an abuse of discretion. ***See Womer v. Hilliker***, 908 A.2d 269, 279 (Pa. 2006). "This means that the trial court's decision will be overturned only if [it] reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Id.***

---

[3] Appellee also asserts Appellant's failure to develop a coherent argument or support her contentions with relevant, legal authority. ***See*** Pa.R.A.P. 2119(a). Although we note again Appellant's repeated failures to conform to our procedural rules, we decline to find waiver.

We examine the court's decision, mindful that Appellant's complaint sounds in medical malpractice. As her claim asserts professional liability, Appellant was required to "file with the complaint or within sixty days after the filing of the complaint, a certificate of merit" signed by her. Pa.R.C.P. 1042.3(a). A certificate must certify that the treatment complained of "fell outside acceptable professional standards." Pa.R.C.P. 1042.3(a)(1). The form and content of a certificate is set forth in Rule 1042.10. **See** Pa.R.C.P. 1042.10 ("The certificate required by Rule 1042.3(a) shall be substantially in the following form …").

The requirement to file a certificate of merit is "clear and unambiguous." **Womer**, 908 A.2d at 278. Absent a proper certificate of merit, following proper notice and upon the praecipe of a defendant, the prothonotary is empowered to enter judgment of *non pros* against a plaintiff. **Id.** at 272; **see also** Pa.R.C.P. 1042.6, 1042.7.

According to Appellant, the document she filed, *i.e.*, the "Certificate of Qualified Expert," was a timely and suitable substitute for the requisite certificate of merit. **See, e.g.**, Appellant's Brief at 3. We disagree.

In **Womer**, the plaintiff commenced a medical malpractice action but failed to file a certificate of merit. **Womer**, 908 A.2d at 272. Judgment of *non pros* was entered, but the plaintiff sought to open judgment, asserting that he had timely served an expert report on the defendant and that the report met the requirements of a certificate of merit. **Id.** at 272-73. The

- 5 -

trial court denied relief, specifically rejecting the plaintiff's assertion that the expert report served on the defendant was a suitable substitute for a certificate of merit. *Id.* at 274. This Court reversed, *see id.* at 274-75, but the Pennsylvania Supreme Court reversed yet again, reinstating the trial court order. *Id.* at 280. According to the Supreme Court, the expert report did not constitute "substantial compliance" with Rule 1042.3 and concluded as follows:

> [T]he trial court acted well within its discretion in finding that Womer did not provide a reasonable excuse under Pa.R.C.P. No. 3051 for not filing a [certificate of merit]. Indeed, in light of the foregoing, we conclude that it would be manifestly unreasonable and therefore, an abuse of discretion … for a trial court to conclude that a plaintiff in Womer's circumstances, making the same arguments, presents a reasonable explanation or legitimate excuse for his failure to file a [certificate of merit.]

*Id.*

Here, the trial court found that Appellant did not file a certificate of merit that conforms substantially to the sample provided in Rule 1042.10. *See* Trial Court Opinion at 5 (unnumbered). Moreover, in her petition to open, Appellant did not offer an excuse for this failure. Rather, Appellant argued, as she does to this Court, that the document she filed was sufficient. We conclude that *Womer* is directly on point and, therefore, discern no abuse of the trial court's discretion in denying Appellant's petition to open

judgment of *non pros*. ***See Womer***, 908 A.2d at 280; Pa.R.C.P. 3051(b)(2).[4]

Appellant's failure to file a proper certificate of merit is determinative. Nevertheless, we also briefly address Appellant's contention that her underlying cause of action is meritorious. ***See generally, e.g.***, Appellant's Reply Brief at 2-3. Following our review, we must disagree with Appellant's position based upon our conclusion that Appellant lacks the capacity to bring this action in its current form.

Appellant alleges medical malpractice resulting in the death of her mother. Therefore, Appellant may be entitled to damages pursuant to the Wrongful Death Act. ***See*** 42 Pa.C.S. § 8301(b) (providing that the children of a deceased may recover damages caused by a wrongful act or

_____

[4] Further, we observe that a *pro se* litigant incurs the following responsibility:

> If a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall, in addition to the other requirements of this rule, attach to the certificate of merit the written statement from an appropriate licensed professional as required by subdivisions (a)(1) and (2). If the written statement is not attached to the certificate of merit, a defendant seeking to enter a judgment of *non pros* shall file a written notice of intent to enter a judgment of *non pros* for failure to file a written statement under Rule 1042.11.

Pa.R.C.P. 1042.3(e). Thus, a *pro se* litigant pursuing a claim of medical malpractice must file *both* a certificate of merit *and* a supportive statement from an appropriate expert. ***Id.*** Here, Appellant filed a supportive statement but failed to file a certificate of merit. Therefore, Appellant did not comply with Rule 1042.3(e).

negligence).[5]  However, "an action for wrongful death shall be brought only by the personal representative of the decedent" or, if no action is brought within six months after the death of the decedent, "by any person entitled by law to recover damages in such action as trustee *ad litem* on behalf of all persons entitled to share in the damages."  Pa.R.C.P. 2202(a) & (b).

Here, Appellant is not the personal representative of the decedent.  **See** Pa.R.C.P. 2201 (defining personal representative to be "the executor or administrator of the estate of a decedent duly qualified by law to bring actions within this Commonwealth").  Further, Appellant does not claim to bring this action in a representative capacity nor has she been appointed a trustee *ad litem*.  Accordingly, we deem Appellant's complaint defective.[6]

Finally, Appellant contests the process employed by Appellee in securing judgment of *non pros*.  **See** Appellant's Brief at 3, 5 & 8.  Having reviewed the procedural history of this case, we discern no error:  Appellant did not file a certificate of merit as required.  **See** Pa.R.C.P. 1042.3(a).  Therefore, Appellee notified Appellant of his intent to enter judgment of *non pros* for failure to file a certificate of merit.  **See** Pa.R.C.P. 1042.6(a).  *No*

---

[5] Appellant acknowledges, "There is not an [e]state."  Appellant's Reply Brief at 3.  Therefore, the Survival Act does not apply here.  **See** 42 Pa.C.S. § 8302.

[6] The defect in Appellant's complaint is not necessarily a fatal flaw.  **See** **Usner v. Duersmith**, 31 A.2d 149, 150 (Pa. 1943) (permitting amendment of a complaint to conform to Rule 2202(b) after the statute of limitations had run).

*further notice to Appellant was required*.  **See** Pa.R.C.P. 1042.6(b).  More than thirty days thereafter, Appellee filed a praecipe with the Dauphin County Prothonotary, requesting it enter judgment against Appellant.  **See** Pa.R.C.P. 1042.7(a).  Thereupon, the Prothonotary promptly entered judgment of *non pros*.  **Id.**

Order affirmed.

Judge Strassburger files a concurring statement.

Jenkins concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2015