IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric McCord,                            :
                        Petitioner      :
                                        :
            v.                          :
                                        :
Unemployment Compensation               :
Board of Review,                        :   No. 722 C.D. 2015
                        Respondent      :
                                        :
                                        :
Eric McCord,                            :
                        Petitioner      :
                                        :
            v.                          :
                                        :
Unemployment Compensation               :
Board of Review,                        :   No. 723 C.D. 2015
                        Respondent      :   Submitted: October 9, 2015


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: December 30, 2015


        Eric McCord (Claimant) petitions this Court, pro se, for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) April 3, 2015 orders
dismissing his appeals from the Referee's decisions denying him UC benefits.[1]
Thereafter, the UCBR filed an application for relief seeking to strike Claimant's brief
and dismiss his appeals.

_____

        [1] The UCBR order in decision number B-577113 relates to Claimant's UC benefits. The
UCBR order in decision number B-577114 involves Claimant's emergency UC benefits. By June
2, 2015 order, this Court consolidated the appeals.

Claimant was employed by Precision Pipeline (Employer) as a full-time welder helper from October 27, 2011 through November 1, 2011. Employer has a policy which provides that all employees are expected to be on time and ready to work each work day at 7:00 a.m. unless otherwise advised, and that it is the employee's responsibility to inform the field office or foreman as soon as possible if he or she is unable to report to work at the scheduled time. Claimant signed an acknowledgement that he received, and would read and study, the employee handbook which contained the attendance policy. Claimant was granted leave for the weekend of October 29 and October 30, 2011, due to his father's illness. Claimant was scheduled to work on October 31 and November 1, 2011. Claimant did not report to work or contact Employer on October 31 or November 1, 2011. Employer discharged Claimant effective November 1, 2011 for Claimant's failure to report to work or contact Employer on October 31 and November 1, 2011.

Claimant applied for UC benefits on January 8, 2012. Claimant was receiving UC benefits until Claimant applied for emergency UC (EUC) benefits at which time Employer filed a request for relief. On January 15, 2013, the Allentown UC Service Center denied Claimant UC benefits under Section 402(b) of the UC Law (Law),[2] and denied Claimant EUC benefits under Section 4001(b) of the EUC Act of 2008.[3] Claimant appealed and, on March 15, 2013, a Referee hearing was held. On March 19, 2013, the Referee affirmed the UC Service Center's determination as modified, denying Claimant UC benefits under Section 402(e) of the Law,[4] and affirming the UC Service Center's decision relating to Claimant's ineligibility for EUC benefits. Claimant appealed from the Referee's decision to the UCBR by fax

---

[2] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b) (relating to voluntary employment termination).

[3] Title IV of the Supplemental Appropriation Act of 2008, P.L. 110–252, 122 Stat. 2353, Section 4001(b), 26 U.S.C. § 3304 Note.

[4] 43 P.S. § 802(e) (relating to willful misconduct).

on February 2, 2015, 23 months later.  A remand hearing was held on March 16, 2015 and on April 3, 2015, the UCBR dismissed Claimant's appeals as untimely.  Claimant appealed to this Court.[5]

The UCBR filed a motion to strike Claimant's brief and dismiss his appeals because the sole issue is one of timeliness which Claimant failed to preserve for appeal by not raising the timeliness issue in his brief.  "While this Court is generally inclined to construe *pro se* filings liberally, . . . '[a]ny lay person who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing.'"  *Means v. Housing Auth. of City of Pittsburgh,* 747 A.2d 1286, 1289 (Pa. Cmwlth. 2000) (quoting *Daly v. Unemployment Comp. Bd. of Review,* 631 A.2d 720, 722 (Pa. Cmwlth. 1993)). Pennsylvania Rule of Appellate Procedure 2101 provides:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, **if the defects are in the brief** or reproduced record **of the appellant and are substantial, the appeal** or other matter **may be quashed or dismissed**.

Pa.R.A.P. 2101 (emphasis added).

Here, Claimant appealed from the UCBR's orders which dismissed his appeals as untimely.  However, in his brief, Claimant argued only the merits of the Referee's decisions, which were not addressed by the UCBR and, thus, are not before us on appeal.[6]  Specifically, Claimant's "Statement of Questions Involved" include:

---

[5] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence."  *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

[6] Although Claimant alleges reasons for the untimeliness of his appeal in his Petition for Review,

> his failure to address the issue in his brief leads to our conclusion that the issue has been abandoned and therefore waived.  *See Jimoh v.*

3

"1. Whether [Claimant] quit or what caused the separation[; and] 2. Whether [C]laimant was separated due to a car accident."  Claimant Br. at 6.  Further, Claimant's argument in its entirety is as follows:

> In 2011, the Pennsylvania [UC] [sic] reported that [C]laimant voluntarily quit.  I've filed appeals to the [UCBR] and sent the letters I have received from [Employer].  [Employer] even faxed letters stating it was their mistake and please adjust the records.  The last hearing I had from the . . . Referee and [Employer's] payroll specialist should have changed the decision [sic].  [Employer] told the [R]eferee that in fact it was their mistake and corrected it.  The [C]ourt should have a copy of that recording.

Claimant Br. at 9.

It is clear that Claimant has "waived . . . [the timeliness argument] because it was not presented in the statement of the issues nor in the argument section[] of Claimant's brief and was not raised as an issue on appeal from the [R]eferee's order[s]." *Kilker v. Workmen's Comp. Appeal Bd. (E.J. Rogan & Sons),* 667 A.2d 1215, 1216 n.1 (Pa. Cmwlth. 1995).  "Claimant's failure to adhere to the rules of appellate procedure and his failure to raise any issues within our scope of review preclude any meaningful review by this Court."  *Daly,* 631 A.2d at 722. Accordingly, we must dismiss Claimant's appeal.  *Id.*

---

*Unemployment Comp. Bd. of Review,* 902 A.2d 608 (Pa.Cmwlth.2006); *McDonough v. Unemployment Comp. Bd. of Review,* 670 A.2d 749 (Pa.Cmwlth.1996); *Tyler v. Unemployment Comp. Bd. of Review,* . . . 591 A.2d 1164 ([Pa.Cmwlth.]1991) (Issues raised but not briefed are waived).

*Tracy v. Unemployment Comp. Bd. of Review,* 23 A.2d 612, 616 n.3 (Pa. Cmwlth. 2011).

4

For all of the above reasons, the UCBR's application for relief to strike Claimant's brief and dismiss his appeals is granted.


_____
ANNE E. COVEY, Judge

Eric McCord,
                Petitioner

        v.

Unemployment Compensation
Board of Review,
                Respondent

:    No. 722 C.D. 2015

Eric McCord,
                Petitioner

        v.

Unemployment Compensation
Board of Review,
                Respondent

:    No. 723 C.D. 2015

## O R D E R

AND NOW, this 30th day of December, 2015, the Unemployment Compensation Board of Review's Application for Relief is GRANTED, and the appeals in the above-captioned matters are DISMISSED.

_____
ANNE E. COVEY, Judge