IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David F. Friedman, II,                          :
                              Petitioner         :
                                                :
        v.                                      :
                                                :
State Ethics Commission,                         :        No. 1220 C.D. 2023
                              Respondent         :        Submitted: October 8, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                          FILED: November 8, 2024

        David F. Friedman, II (Friedman) filed a petition for review (Petition) of a final adjudication and order of the State Ethics Commission (Commission) dated October 4, 2023, which declared that Friedman had violated Section 1103(a) of the Public Official and Employee Ethics Act (Ethics Act),[1] 65 Pa.C.S. § 1103(a). The Commission filed an application to strike Friedman's brief filed in this Court or to dismiss the Petition on the bases that Friedman's brief is so grossly defective as to preclude meaningful appellate review and that Friedman failed to file a reproduced record. This Court issued an order to file a reproduced record, with which Friedman complied. This Court issued further orders directing that the Commission's application for relief and Friedman's response in opposition to the application for relief be addressed along with the merits of the Petition. Upon review, we deny the Commission's application for relief and affirm its order.

---

[1] 65 Pa.C.S. §§ 1101-1113.

# I. Background

Friedman is a resident of Upper Mount Bethel Township (Township) in Northampton County. *David F. Friedman, II*, No. 22-0045-C (State Ethics Comm'n Oct. 4, 2023) (Comm'n Dec.), Order No. 1828 at 2. In 2020, he was a member of a group called Concerned Citizens of Upper Mount Bethel Township (CCUMBT). *Id.* In October 2020, Friedman and several other CCUMBT members filed a lawsuit in the Court of Common Pleas of Northampton County (trial court) relating to an amendment to the local zoning ordinance (Text Amendment)[2] passed by the Township's Board of Supervisors (Board) in September 2020. *Id.* The trial court sustained preliminary objections and dismissed the lawsuit in July 2021, and the plaintiffs appealed the dismissal to this Court. *See generally Cole v. Bd. of Supervisors of Upper Mt. Bethel Twp.* (Pa. Cmwlth., No. 957 C.D. 2021, discontinued May 18, 2022).

In November 2021, Friedman was elected as a Township Supervisor, having emphasized his opposition to the Text Amendment in his campaign. Comm'n Dec. at 2, 4 & 5. After the election and before taking office, he requested an advisory opinion from the Commission in a letter explaining the controversy surrounding the Text Amendment and stating, in pertinent part:

> I must make the following points clear:
>
> 1. I am a plaintiff in the lawsuit against the Board. . . .
>
> 2. I have contributed monetarily to the legal fund to pay for the lawyer.

---

[2] The dispute appears to have related to whether the Text Amendment was an improper revision of the Township's zoning ordinance to allow construction of a massive warehouse facility in a rural agricultural and residential area that would otherwise have required a variance. *See generally Cole v. Bd. of Supervisors of Upper Mt. Bethel Twp.* (Pa. Cmwlth., No. 957 C.D. 2021, discontinued May 18, 2022), Br. for Appellants (filed Dec. 20, 2021).

3. I am an active member of the CCUMBT.

4. I have no financial interest or sought any financial gain in perusing [sic] this lawsuit.

I would like an Advisory Opinion on the following questions that could arise during my tenure as a supervisor.

1. Do I have to withdraw my name from the lawsuit in order to vote on issues pertaining to the Text Amendment?

2. If my name remains on the lawsuit would I need to recuse myself from any issues pertaining to the Text Amendment?

3. Will I need to disassociate from the CCUMBT?

*Id.*

The Commission provided an Advisory Opinion in December 2021. In response to Friedman's specific questions, the Commission advised, in pertinent part:

> As to your specific inquiries, so long as you remain associated with CCUMBT and/or the lawsuit, you will have a conflict as to any use of office concerning the Text Amendment and a pecuniary gain to yourself . . . . You will need to recuse yourself from any action regarding the Text Amendment so long as you . . . remain associated with the lawsuit and/or CCUMBT.

Supplemental Reproduced Record at 6.[3]  However, the Commission preceded that advice by explaining, in pertinent part, that

---

[3] Friedman failed to number the pages of the supplemental reproduced record as mandated by Rule 2173 of the Pennsylvania Rules of Appellate Procedure.  *See* Pa.R.A.P. 2173.  For clarity and ease of reference, the supplemental reproduced record is cited herein using the pagination indicated in the electronically filed supplemental reproduced record.

3

> you cannot use the authority of your public office as a Township Supervisor, or confidential information you would have access to by being in that position, for a prohibited private pecuniary benefit. For example, a conflict of interest would exist should you, in your public position, engage in any Township deliberation, decision, or any other action involving the lawsuit *such as by taking action to reduce or eliminate personal liability for counsel fees*. . . .

Reproduced Record (RR) at 6[4] (emphasis added); *see also* Comm'n Dec. at 2-3 & 6.

In January 2022, Friedman withdrew as a party to the pending appeal in *Cole*. Comm'n Dec. at 3. In May 2022, the remaining parties agreed to withdraw the appeal. *Id.* at 3 & 10; *see also Cole* (order filed May 18, 2022 granting discontinuance of the appeal).

After the discontinuance of the appeal in *Cole*, the Board considered filing legal action against the *Cole* plaintiffs, who would have included Friedman, to recover legal fees totaling $9,811.75 expended in defending against the *Cole* complaint and in addressing related information requests concerning the Text Amendment under the Right-to-Know Law.[5] Comm'n Dec. at 3-4. Friedman participated in deliberations and cast the deciding vote against the proposed legal action. *Id.* at 3-4 & 6-10.

The Commission's Investigative Division served Friedman with notice of the following specific allegation:

> That . . . Friedman[], a public official as a Member of the Board . . . , violated Section 1103(a) of the Ethics Act when he used the authority of his public office by

---

[4] Friedman failed to number the pages of the reproduced record as mandated by Rule 2173 of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2173. For clarity and ease of reference, the reproduced record is cited herein using the pagination indicated in the electronically filed reproduced record.

[5] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

4

> participating in deliberations and twice voting against motions of the . . . Board . . . , which eliminated his personal liability for counsel fees relating to a lawsuit that he and others had previously filed against the Township.

Comm'n Dec. at 1. The Investigative Division then conducted an investigation into Friedman's actions, after which it issued an Investigative Complaint. *Id.* The Commission held a hearing at Friedman's request and then issued a final adjudication in which it concluded, consistent with the specific allegation, that Friedman was a public official subject to the Ethics Act[6] and that

> Friedman violated Section 1103(a) of the Ethics Act, 65 Pa.C.S. § 1103(a), when he used the authority of his public office by participating in deliberations and twice voting against motions of the . . . Board . . . , which resulted in the elimination of any personal liability for counsel fees relating to a lawsuit that he and others had previously filed against the Township.

*Id.* at 19. Friedman's Petition to this Court followed.

## II. Issues

On review before this Court,[7] Friedman asserts a number of conclusory issues and arguments from which his specific contentions are difficult to glean. In essence, he appears to be asserting that he could not have violated the Ethics Act because, he maintains, he complied with the Commission's Advisory Opinion, withdrew from the *Cole* appeal before taking office as a Township Supervisor, properly participated in the deliberations and votes concerning the contemplated

---

[6] Friedman does not challenge his status as a public official.

[7] "This [C]ourt's review of a Commission adjudication is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of the Commission are supported by substantial evidence." *Russell v. State Ethics Comm'n*, 987 A.2d 835, 838 n.4 (Pa. Cmwlth. 2009) (citing *Pulice v. State Ethics Comm'n*, 713 A.2d 161 (Pa. Cmwlth. 1998)).

legal action against the *Cole* plaintiffs, and obtained no pecuniary benefit as a result of the votes at issue.

In addition to opposing what it discerns as Friedman's arguments, the Commission has filed an application for relief requesting that this Court strike Friedman's brief or dismiss his Petition because of failure to follow the applicable Pennsylvania Rules of Appellate Procedure (Rules), including gross defects in his brief and failure to file a reproduced record, which, in the view of the Commission, preclude meaningful review by this Court. We address the Commission's application for relief first, as a threshold matter.

### III. Discussion

### A. Failure to Comply with Applicable Rules

Chapter 21 of the Rules sets forth the requirements for the contents and filing of a petitioner's brief and reproduced record. The Commission asserts numerous substantial defects in Friedman's brief, as well as his failure to timely file a reproduced record. The Commission suggests that the defects in Friedman's brief are so extensive that they deprive this Court of the ability to provide a meaningful review and that we should dismiss the Petition or, at the least, strike Friedman's brief.

Addressing the reproduced record first, we observe that Friedman filed his brief on January 16, 2024, but did not file a reproduced record at that time. The Commission filed its application for relief on February 9, 2024. However, on that same date, this Court issued an order noting Friedman's failure to file a reproduced record and directing him to do so within 14 days. Friedman complied and filed a reproduced record on February 21, 2024. Accordingly, we deny the Commission's

6

application for relief insofar as it relates to the failure to file a reproduced record. *See* Pa.R.A.P. 2188 (allowing an appellee to request dismissal "[i]f an appellant fails to file . . . any required reproduced record within the time prescribed by these rules, *or within the time as extended . . .*").

Regarding the Commission's litany of defects in Friedman's brief, we agree that those defects are myriad and substantively significant. As the Commission correctly asserts, Rule 2111(a) requires, in pertinent part:

> (a) General rule.-- The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, *separately and distinctly entitled and in the following order*:
>
> (1) Statement of jurisdiction.
>
> (2) Order or other determination in question.
>
> (3) Statement of both the scope of review and the standard of review.
>
> (4) Statement of the questions involved.
>
> (5) Statement of the case.
>
> (6) Summary of argument.
>
> . . . .
>
> (8) Argument for appellant.
>
> (9) A short conclusion stating the precise relief sought.
>
> (10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.
>
> . . . .

Pa.R.A.P. 2111(a) (emphasis added). Friedman's brief fails to comply with Rule 2111(a) and related rules in a number of significant ways. Most glaringly, the brief

7

fails to fairly meet the requirements of Rules 2114 (requiring a citation of the statute conferring jurisdiction on this Court); 2116(a) (requiring the statement of questions presented to "state concisely the issues to be resolved, expressed in the terms and circumstances of the case . . . followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question . . ."); Rule 2117(c) (requiring the statement of the case to include "[a] closely condensed chronological statement, in narrative form, of all the [necessary] facts . . ." and a citation "to the place in the record where the evidence substantiating the fact relied on may be found . . ."); and Rule 2119(a)-(e) (requiring a separate designated argument section for each question presented, discussion of each argument with citations of authority, and record citations indicating where pertinent evidence can be found and where the issues were preserved).[8] The cumulative effect of these multiple defects is that this Court, like the Commission, is uncertain what arguments Friedman is asserting, how he believes the record supports those arguments, and on what legal principles and authorities he is relying as support.

The Rules are mandatory for a reason, and this Court takes compliance with them seriously. As we have explained in the past,

> "the . . . Rules . . . exist to ensure that litigants present appeals of sufficient clarity to allow appellate courts to evaluate those appeals with the benefit only of the record below." *Daly v. Unemployment Comp*[.] *B*[*d.*] *of Rev*[.], . . . 631 A.2d 720, 722 (Pa. Cmwlth. 1993). . . . [R]epeated and substantial noncompliance with the Rules . . . impair[s] our ability to discern [the petitioner's] issues and

---

[8] Rule 2115(a) requires that "[t]he text of the order or other determination from which an appeal has been taken or which is otherwise sought to be reviewed shall be set forth verbatim immediately following the statement of jurisdiction." Pa.R.A.P. 2115(a). Friedman's brief does not comply with this requirement, although it recites that the order is attached. As the Commission acknowledges, this defect on its own is not a substantial one.

8

arguments, and preclude[s] any meaningful appellate review of th[e] case. . . .

*Means v. Hous. Auth. of City of Pittsburgh*, 747 A.2d 1286, 1289 (Pa. Cmwlth. 2000).

Here, we agree with the Commission that the extensive defects in Friedman's brief reflect a flagrant disregard of the Rules which has substantially undermined our ability to conduct a meaningful review and is not to be countenanced. Moreover, Friedman has displayed no concern about the serious defects in his brief as catalogued by the Commission. He has neither sought leave to file an amended brief that complies with the Rules nor filed a reply brief that could have provided a more detailed response to the arguments asserted by the Commission.

Nonetheless, despite the multiple substantial defects in Friedman's brief, we are able to glean from it at least a modicum of analysis and argument in support of the Petition. Therefore, while we express strong disapproval of Friedman's wholesale flouting of the Rules, we will address his legal argument to the extent we are able to discern it. *See Russell v. Unemployment Comp. Bd. of Rev.*, 812 A.2d 780, 783 n.3 (Pa. Cmwlth. 2002) (explaining that "[t]his Court . . . has considered the merits of particular cases where defects in the brief did not preclude meaningful appellate review . . .") (citing *Roseberry Life Ins. Co. v. Zoning Hearing Bd. of City of McKeesport*, 664 A.2d 688 (Pa. Cmwlth. 1995)). However, to the extent that Friedman may have intended to raise any issues not addressed herein because this Court has been unable to perceive them by reviewing his Petition and brief, all such issues are waived. *See Commonwealth v. Woodard*, 129 A.3d 480, 502 (Pa. 2015) (first quoting *Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014) (holding that "[w]here an appellate brief fails to . . . develop an issue in any . . .

9

meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate appellant's arguments for him.") (additional quotation marks and internal quotations omitted); and then citing Pa.R.A.P. 2119(a) (providing that appellate briefs must contain "such discussion and citation of authorities as are deemed pertinent")); *Sobat v. Borough of Midland*, 141 A.3d 618, 627-28 (Pa. Cmwlth. 2018) (quoting *Wirth*, 95 A.2d at 837).

Accordingly, we will address Friedman's arguments on the merits of the Petition as we understand them.

## B. Violation of the Ethics Act

Section 1103(a) of the Ethics Act provides that "[n]o public official or public employee shall engage in conduct that constitutes a conflict of interest." 65 Pa.C.S. § 1103(a). Section 1102 of the Ethics Act defines a "conflict" or "conflict of interest" as, in pertinent part, "[u]se by a public official . . . of the authority of his office . . . for the private pecuniary benefit of himself . . . ." 65 Pa.C.S. § 1102. Further, Section 1103(j) of the Ethics Act provides, in pertinent part, that "[a]ny public official or public employee who in the discharge of his official duties would be required to vote on a matter that would result in a conflict of interest shall abstain from voting . . . ." 65 Pa.C.S. § 1103(j).

Here, there is no dispute that Friedman voted and, indeed, cast the deciding vote on the Board's consideration of legal action against the *Cole* plaintiffs to recoup the Township's legal fees expended in defending against the complaint in *Cole*. Friedman contends, however, that his vote did not constitute a conflict of interest. His contention is without merit.

10

Friedman asserts that he complied with the Commission's Advisory Opinion because he withdrew from the *Cole* appeal before taking office as a Township Supervisor and disassociating himself from CCUMBT. We disagree. Although Friedman complied with the Advisory Opinion *in part* through these actions, his argument ignores the Commission's express – and prophetic – instruction that "a conflict of interest would exist should you, in your public position, engage in any Township deliberation, decision, or any other action involving the lawsuit *such as by taking action to reduce or eliminate personal liability for counsel fees. . . .*" Reproduced Record (RR) at 6 (emphasis added); *see also* Comm'n Dec. at 2-3 & 6. The legal action contemplated by the Board and foreclosed by Friedman's deciding vote would have specifically sought to impose personal liability on the *Cole* plaintiffs for the Township's counsel fees incurred in defending that action. Thus, Friedman acted directly contrary to the Commission's advice.

Friedman appears to suggest that once he withdrew as a party to the pending appeal, he no longer had any exposure to liability for a share of the Township's previously incurred counsel fees and, therefore, had no conflict of interest in voting against the proposed legal action against the *Cole* plaintiffs. Again, we disagree. Friedman cites no legal authority for this proposition. Manifestly, his withdrawal as a party after an appeal had been taken could not affect his potential liability for the Township's counsel fees incurred during the time the suit was pending while he was a party.

Friedman also appears to suggest that merely avoiding potential exposure to liability by voting against the proposed legal action did not constitute a pecuniary benefit as would have been the case if he had received a payment of some kind. In other words, Friedman posits that avoiding a monetary expenditure is not a

11

pecuniary benefit for purposes of a conflict of interest in violation of the Ethics Act. Yet again, we disagree. Friedman cites no authority for his perceived distinction under the Ethics Act between a conflict of interest involving an affirmative monetary gain and one involving the avoidance of a monetary loss, and this Court is aware of none. To the contrary, in *R.H. v. State Ethics Commission*, 673 A.2d 1004 (Pa. Cmwlth. 1996), this Court upheld the Commission's determination that township supervisors committed ethical violations by hiring legal counsel through the township to represent their personal interests in order to avoid paying legal fees personally. *Id.* at 1011. Although not wholly analogous, *R.H.* demonstrates that avoidance of expense, as well as receipt of actual payment, constitutes a pecuniary benefit in violation of Section 1103(a) of the Ethics Act.

Finally, Friedman seems to suggest that he had no conflict of interest because he merely voted his conscience in the belief that the Township's proposed legal action against the *Cole* plaintiffs had no merit. As with Friedman's other arguments, we disagree. Friedman again cites no authority in support of his suggestion that his alleged subjective belief concerning the merit of the proposal sufficed to overcome any apparent conflict of interest in his participation in the vote. This Court is aware of no such authority. Indeed, the Ethics Act's purposes include avoiding the appearance of impropriety as well as actual conflicts of interest. The declaration of legislative intent in Section 1101.1(a) of the Ethics Act provides, in pertinent part:

> The Legislature hereby declares that public office is a public trust and that any effort to realize personal financial gain through public office other than compensation provided by law is a violation of that trust. In order to strengthen the faith and confidence of the people of this Commonwealth in their government, the Legislature further declares that the people have a right to be assured

12

that the financial interests of holders of or nominees or candidates for public office do not conflict with the public trust.

65 Pa.C.S. § 1101.1(a) (explaining further that "public confidence in government can best be sustained by assuring the people of the impartiality and honesty of public officials . . ."). Voting against legal action in which Friedman himself would have been a defendant resulted in a conflict of interest that undeniably created *at least* the appearance of impropriety.

For all of these reasons, we reject Friedman's arguments and affirm the Commission's determination that he violated Section 1103(a) of the Ethics Act by voting against legal action against him for payment of the Township's legal fees.

## IV. Conclusion

Based on the foregoing discussion, we deny the Commission's application for relief asking this Court to strike Friedman's brief or dismiss the Petition, and we affirm the Commission's order.

_____
CHRISTINE FIZZANO CANNON, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David F. Friedman, II,                          :
                         Petitioner          :
                                           :
               v.                          :
                                         :
State Ethics Commission,                       :      No. 1220 C.D. 2023
                        Respondent          :

# **O R D E R**

AND NOW, this 8th day of November, 2024, the application for relief of the State Ethics Commission (Commission) is DENIED. The October 4, 2023 order of the Commission is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge