546 A.2d 151

Rosalie A. Lucarelli, Petitioner *v.* Workmen's Compensation Appeal Board (Emerson Electric), Respondents.

Submitted on briefs April 26, 1988, before Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Rosalie A. Lucarelli,* petitioner, for herself.

*John B. Bechtol, Reed, Smith, Shaw* & *McClay,* for respondent, Emerson Electric.

OPINION BY JUDGE MCGINLEY, August 22, 1988:

This is an appeal by Rosalie Lucarelli (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee which dismissed Claimant's petition for compensation benefits.

Unfortunately, because of numerous substantial defects in Claimant's brief which impair our ability to conduct meaningful appellate review, we must quash this appeal without reaching the merits. *Wicker v. Civil Service Commission,* 74 Pa. Commonwealth Ct. 548, 460 A.2d 407 (1983).

Claimant's brief materially deviates from the requirements set forth in Chapter 21 of the Rules of Appellate Procedure, Pa. R.A.P. 2101-2189. Defects in the Claimant's brief include: 1) failure to include a statement of jurisdiction in violation of Pa. R.A.P. 2114; 2) failure to include a verbatim text of the order in question in violation of Pa. R.A.P. 2115; 3) failure to include a statement of the questions involved in violation of Pa. R.A.P. 2116(a); 4) failure to include a statement of the case in violation of Pa. R.A.P. 2117; and 5) failure to include a summary of the argument in violation of Pa. R.A.P. 2118.

The mandatory language of Pa. R.A.P. 2116(a) clearly and emphatically mandates the inclusion of a statement of questions involved in an appellate brief.[1]

Accordingly, as Claimant has failed to properly state any questions for our consideration, we shall consider none. *Wicker* at 553, 460 A.2d at 409. We therefore conclude Claimant's appeal must be quashed.

ORDER

AND NOW, August 22, 1988, the appeal of Rosalie Lucarelli from the order of the Board is hereby quashed.

---

[1] Pa. R.A.P. 2116(a) provides in part:
This rule is to be considered in the highest decree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby. . . .