555 A.2d 287

Shirley M. Huffman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

50

Submitted on briefs January 20, 1989, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Shirley M. Huffman*, petitioner, for herself.

*Clifford F. Blaze*, Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, March 6, 1989:

Shirley M. Huffman (Claimant) has petitioned this Court to review a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying benefits to Claimant.

Initially, we note that Claimant's brief is in substantial non-compliance with Pa. R. A. P. 2101-2139 pertaining to contents of briefs. These defects include: (1) failure to include a statement of jurisdiction as required by Pa. R.A.P. 2114; (2) failure to set forth verbatim and immediately following the statement of jurisdiction, the text of

the order or other determination being appealed from as required by Pa. R.A.P. 2115; (3) failure to set forth a statement of questions involved as required by Pa. R.A.P. 2116; (4) failure to include a summary of argument as required by Pa. R.A.P. 2118; (5) failure to set forth an argument as required by Pa. R.A.P. 2119. The above-mentioned material defects in Claimant's brief preclude us from conducting a meaningful review of her case; therefore, we must quash the appeal without reaching the merits. *Lucarelli v. Workmen's Compensation Appeal Board (Emerson Electric)*, 119 Pa. Commonwealth Ct. 72, 546 A.2d 151 (1988).

We are cognizant that Claimant has proceeded pro se in this matter and for this reason may not have been aware of these appellate guidelines imposing specific requirements on the contents of briefs. Nevertheless, this Court has previously stated that a layperson who represents himself in legal matters must to an extent assume the risk that his lack of expertise in legal training will prove his undoing. *Groch v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 26, 472 A.2d 286 (1984). Moreover, when a party has failed to comply with the rules regarding contents of briefs, this Court cannot on review speculate or for that matter formulate as to what we believe Claimant's argument on appeal is or ought to be.[1]

Lastly, as Judge McGINLEY in quashing the appellant's appeal recently wrote in *Lucarelli*, 119 Pa. Commonwealth Ct. at 74, 546 A.2d at 152: "The mandatory

---

[1] In reviewing a Board decision, we must affirm, unless we find that there has been a violation of constitutional rights, an error of law committed or that the findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

language of Pa. R.A.P. 2116(a) clearly and emphatically mandates the inclusion of a statement of questions involved in an appellate brief." (Footnote omitted.)

Accordingly, for the reasons set forth herein, Claimant's appeal must be quashed.

### ORDER

AND NOW, this 6th day of March, 1989, the appeal of Shirley M. Huffman from the order of the Unemployment Compensation Board of Review in the above-captioned matter is quashed.