556 A.2d 504

In Re: Condemnation of the Property of the Estate of Paul Ciaffoni, Deceased, on Horne Boulevard in The City of Arnold, Westmoreland County, Pa.—Westmoreland County Housing Authority for Public Housing Purposes. Robert J. Ciaffoni, Appellant.

Submitted on briefs January 11, 1989, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Robert J. Ciaffoni*, appellant, for himself.

*Robert L. Ceisler, Ceisler/Richman/Sweet Law Firm*, for appellee.

PER CURIAM OPINION, March 27, 1989:

This case comes to us on appeal from an order of the Court of Common Pleas of Westmoreland County. The trial court's order directed Robert Ciaffoni (Appellant) to pay counsel fees in the amount of $5,366.00 to the estate of his father Paul Ciaffoni, deceased, in accordance with 42 Pa. C. S. §2503.

The lengthy and confusing history of this case is not particularly relevant. Suffice it to say that Appellant has been involved in prolonged litigation involving his deceased father's estate. The trial court's award of reasonable counsel fees was in response to an unreported decision by this Court in *Appeal of Ciaffoni* (No. 74 T.D. 1986, filed June 15, 1987). In that case, this Court found that the protracted litigation caused by Appellant was dilatory and vexatious. For this reason, the Commonwealth Court remanded the matter to the court of common pleas for a determination as to reasonable counsel fees owed to the estate of Paul Ciaffoni by Appellant pursuant to 42 Pa. C. S. §2503(7).[1] An evidentiary hearing was conducted and the trial court awarded counsel fees in the amount of $5,366.00 to the estate of Appel-

---

[1] 42 Pa. C. S. §2503(7) provides that a litigant shall be entitled to a reasonable counsel fee as a sanction against another litigant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

lant's father. Appellant now appeals that order to this Court.[2]

Before proceeding further, we note that Appellant's brief fails to comply with Pa. R.A.P. 2101-2139 pertaining to contents of briefs. These defects include: (1) failure to include a statement of jurisdiction as required by Pa. R.A.P. 2114; (2) failure to set forth a statement of questions involved as required by Pa. R.A.P. 2116; (3) failure to include a summary of argument as required by Pa. R.A.P. 2118; and (4) failure to set forth an argument as required by Pa. R.A.P. 2119. Appellant's brief is seriously inadequate and void of any sincere attempt to comply with our Rules of Appellate Procedure regarding contents of briefs. Based upon these material defects in Appellant's brief, we are unable to conduct a meaningful review of Appellant's case. Therefore, we must quash the appeal to the trial court's order awarding counsel fees without reaching the merits. *Huffman v. Unemployment Compensation Board of Review*, 124 Pa. Commonwealth Ct. 49, 555 A.2d 287 (1989); *Lucarelli v. Workmen's Compensation Appeal Board (Emerson Electric)*, 119 Pa. Commonwealth Ct. 72, 546 A.2d 151 (1988).[3]

---

[2] The brief submitted to this Court by counsel for the Estate of Paul Ciaffoni (Appellee) states that the amount due has already been recovered by the estate because Appellant did not file a bond in conjunction with his appeal; therefore, the estate executed upon a bank account belonging to Appellant.

[3] As this Court recently emphasized in *Huffman* and *Lucarelli*, the language of Pa. R.A.P. 2116(a) is mandatory and the failure to abide by Pa. R.A.P. 2116(a) will warrant the quashing of an appellant's appeal. Pa. R.A.P. 2116 provides that:

The statement of the questions involved must state the question or questions in the briefest and most general terms, ... It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. *This rule is to be considered in the highest degree mandatory, admitting of no exception.* ... (Emphasis added.)

We are cognizant that Appellant is unrepresented by counsel herein and for this reason may not have been aware of these appellate guidelines imposing specific requirements on the contents of briefs. Nevertheless, this Court has previously held that a lay person who proceeds pro se in legal matters must to an extent assume the risk that his lack of expertise in legal matters will prove his undoing. *Huffman*; *Groch v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 26, 472 A.2d 286 (1984). Additionally, when a party fails to comply with the rules regarding contents of briefs, an appellate court cannot speculate or for that matter formulate what we believe the party's argument on appeal is or ought to be. *Huffman*.

Lastly, Appellee herein requests that counsel fees be awarded pursuant to Pa. R.A.P. 2744 regarding the instant appeal. We agree. Pursuant to Pa. R.A.P. 2744, an appellate court may award as further costs:

> 1. [A] reasonable counsel fee ...
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

*Also see Gossman v. Lower Chanceford Township*, 503 Pa. 392, 469 A.2d 996 (1983).

Appellant's brief herein is not only woefully inadequate, but also the record before us reveals that Appellant's conduct during this litigation has been consistently dilatory, obdurate and vexatious. Our review of the transcript before the trial court regarding the award of counsel fees reveals that Appellant demonstrated vexatious, dilatory, obdurate conduct with little regard for the law

and the courts. Thus, we will remand this matter to the trial court for a determination of reasonable counsel fees with regard to this appeal.[4]

Accordingly, for the reasons set forth herein, Appellant's appeal is quashed and the matter herein is remanded to the trial court for a determination of reasonable counsel fees as requested by Appellee.[5]

### ORDER

AND NOW, this 27th day of March, 1989, the appeal in the above-captioned matter is quashed and the matter is remanded to the trial court for a determination of reasonable counsel fees to be paid to the Estate of Paul Ciaffoni, Deceased, by Appellant Robert J. Ciaffoni.

Jurisdiction relinquished.

---

[4] In light of our review of the record herein, this Court would have understood if the trial court had found Appellant in contempt.

[5] We further note that although the primary issue before the trial court in the present matter as well as this Court involved a determination of reasonable counsel fees, Appellant has continuously attempted to interject arguments not relevant to these proceedings.