[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION re: MOTION TO STRIKE (#113)
The plaintiffs have filed the present action against the defendants Poland Spring Water Co., Great Spring Waters of America, Inc., the Perrier Group of America, Inc. and Grade A. Drugs, Inc. (Grade A) claiming that they sustained personal injuries as a result of the manufacture, distribution and sale of water in a defective condition in violation of General Statutes § 52-572m et seq. Poland Spring Water Co., Great Spring Waters of America, Inc. and the Perrier Group of America, Inc. (the cross claim plaintiffs) have filed a cross claim against Grade A seeking indemnification. Grade A has filed a motion to strike the cross claim claiming that General Statutes §52-572o precludes cross claims for common law indemnification. Even if the claim is not precluded by General Statutes §52-572o, Grade A argues that the indemnification claim is legally insufficient because it does not allege that Grade A was in control of the situation to the exclusion of the cross claim plaintiffs, or that the cross claim plaintiffs did not know of Grade A's negligence, had no reason to anticipate it, and could reasonably rely upon Grade A not to be negligent. The cross claim CT Page 2495 plaintiffs did not file a memorandum in opposition to the motion to strike in violation of Practice Book § 10-42(b). A reasonable inference is drawn by this court that there is no objection to the motion to strike.
The Connecticut Supreme Court has held that "the common law doctrine of indemnification is inconsistent with provisions of the products liability act concerning comparative responsibility, award of damages, and contribution under General Statutes §52-572o." Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 699,535 A.2d 357 (1988). This "holding applies to situations in which all potential defendants are parties to the suit." Id., 702 n. 2. However, slightly more than one year later, the Connecticut Supreme Court set aside the ruling of a trial court that granted a motion to strike a third party complaint seeking indemnification in a product liability case. See Malerba v.Cessna Aircraft Co., 210 Conn. 189, 191-92, 555 A.2d 287 (1989). The court held that "common law indemnification continues as a viable cause of action in the context of product liability claims and that comparative responsibility principles that serve as its foundation do not bar a later determination as between an indemnitee and an indemnitor." Id., 198-99. The court further noted that their "holding in Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 702 n. 2, 535 A.2d 357 (1988), was specifically limited to its factual circumstances which are different from the procedural posture in which we find this case." Malerba v. CessnaAircraft Co., supra, 198 n. 9. There is a split of authority in the Superior Court concerning whether direct defendants may state a legally sufficient cross claim for indemnification after the Supreme Court's holding in Malerba. Compare Olmstead v. EdwardsSuperstores/First National Supermarkets, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 058382 (July 7, 1998, Corradino, J.) (22 Conn. L. Rptr. 343) (holding that Malerba says that common law indemnification remains viable despite the products liability act and its comparative responsibility rules even if the plaintiff has a direct action against both defendants) with Mirabella v. Yale New HavenHospital, Superior Court, judicial district of New Haven at New Haven, Docket No. 326943 (July 5, 1994, Fracasse, J.) (9 C.S.C.R. 789) (holding that an indemnification claim between direct defendants may not be maintained under Kyrtatas; Malerba does not apply because it involved a defendant seeking indemnification from a third party defendant, not a direct defendant).
Regardless of the proper interpretation of the Supreme CT Page 2496 Court's holding in Malerba, the cross claim defendants do not state a legally sufficient cause of action for indemnification. "[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest . . . ." (Emphasis in original; internal quotation marks omitted.) Crotta v. HomeDepot, Inc., 249 Conn. 634, 641-42, 732 A.2d 767 (1999). In order to maintain a common law action for indemnity, a plaintiff must allege sufficient facts to establish: "(1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [the cross claim plaintiffs'], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of [the cross claim plaintiffs]; and (4) that [the cross claim plaintiffs] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694,698, 694 A.2d 788 (1997). The cross claim plaintiffs have not alleged that Grade A was in control of the situation to the exclusion of them, or that the cross claim plaintiffs did not know of Grade A's negligence, had no reason to anticipate it, and could reasonably rely on Grade A not to be negligent. Therefore, the motion to strike the cross claim is granted.
Karazin, J.