**Earl M. BARBER, Appellant,**

v.

**TAX REVIEW BOARD.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 19, 2004.

Decided May 28, 2004.

Earl M. Barber, appellant, pro se.

James J. Zwolak, Philadelphia, for appellee.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, J., and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Earl M. Barber (Barber), proceeding pro se, appeals the order of the Court of Common Pleas of Philadelphia County that affirmed the decision of the Philadelphia Tax Review Board (Board) denying Barber equitable relief.

Barber filed a petition for writ of waiver of interest and penalty on delinquent real estate taxes owed to the City of Philadelphia. Barber is of the opinion that his outstanding tax liability was discharged in one of the many bankruptcies he has filed. He has presented no evidence to support that claim. The Board denied Barber relief; the Court of Common Pleas of Philadelphia County (trial court) affirmed decision. Barber (Appellant) has filed an appeal with this Court. We quash the appeal.

In appellate practice, the Pennsylvania Rules of Appellate Procedure govern the form of and filing of briefs. Compliance with those rules is mandatory. Herein, appellant's brief to this Court does not comply with the Rules of Appellate Procedure.

Unfortunately, the questions presented are too vague for this court to identify the issues being raised. The statement of questions is poorly drafted and vague, in contravention of Pa. R.A.P. 2116 (general rule pertaining to Statement of Questions). Appellant's brief fails to address the questions presented in contravention of Pa. R.A.P. 2119 (relating to Argument). Appellant's brief does not reference the record, resulting in a failure to state the place of raising or preservation of the issues. Additionally, Appellant's argument is a mere recitation of the various bankruptcy proceedings, and does not relate those proceedings to the action before the trial court. Appellant's argument fails to analyze the questions within the context of the law. Finally, appellant fails to present issues that are within this Court's scope of review.

Where the local agency record was complete and the trial court did not take additional evidence, our review is whether constitutional rights were violated, whether error of law was committed, or whether the Board's findings of fact were supported by substantial evidence. 2 Pa.C.S. § 754(b); see Clement & Muller, Inc. v. Tax Review Board, 659 A.2d 596 (Pa.Cmwlth.1995), affirmed, 552 Pa. 317, 715 A.2d 397 (1998). Appellant's issues on appeal are as follows:

1. Whether the Judge erred in not requesting that debtor have access to true facts and history of case, and allowing hearings to proceed knowing that debtor does not have true facts and history of case.

Answer: None

2. As we have no knowledge or information of factual procedure or historical procedure of this matter and in good faith this party would like to ask the opposing party for all facts and historical procedures in contradiction of the case in this matter. The debtor was not able to obtain the information through normal channels and would like to know why? The debtors believe that it is his legal right to have the history and facts of his case that he has to defend.

Answer: None

3. This was a well-planned binding agreement witnessed by at least four people. A binding agreement between two parties supposedly in good faith, provision of agreement by one party to pay another party payments in full and in good faith through services of a neutral party of trust with a dispute of matters; therefore, why can't the party in defense return to party of trust for true factual history of matters?

Answer: None.

(Brief for Petitioner, p. 6.) The issues fail to consider the standard of review utilized by the Commonwealth Court in tax review cases. Thus, the issues raised are not within our scope of review, and we are precluded from conducting appellate review. *Lucarelli v. Workmen's Compensation Appeal Board (Emerson Electric)*, 119 Pa.Cmwlth. 72, 546 A.2d 151 (1988). Additionally, even if the issues could be considered within this Court's scope of review, no cognizable question has been framed. We are aware that appellant has proceeded *pro se* in this matter. Nevertheless, as this Court has previously stated, a layperson who represents himself in legal matters must to an extent assume the risk that his lack of expertise in legal training will prove his undoing. *Huffman v. Unemployment Compensation Board of Review*, 124 Pa.Cmwlth. 49, 555 A.2d 287, 288 (1989) (citing *Groch v. Unemployment Compensation Board of Review*, 81 Pa. Cmwlth. 26, 472 A.2d 286 (1984)). Moreover, when a party has failed to comply with the rules regarding contents of briefs, this Court cannot on review ... formulate ... what we believe Claimant's argument on appeal ... ought to be. *Id.* at 288.

Accordingly, the appeal is quashed.[1]

Judge SMITH–RIBNER dissents.

---

1. Further, we note that local tax debts are not generally dischargeable in bankruptcy as a matter of law, but are discharged, when the property is exposed to and bid upon at a judicial tax sale.

---

### ORDER

AND NOW, this 28th day of May 2004, the appeal of Earl M. Barber from the order of the Court of Common Pleas of Philadelphia County entered in the above-captioned matter is quashed.