IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Sam,                                      :
                                               : 243 C.D. 2015
                    Petitioner                 : Submitted:  November 20, 2015
                                               :
              v.                               :
                                               :
Workers' Compensation Appeal                   :
Board (Sands Bethworks                         :
Gaming LLC),                                   :
                                               :
                    Respondent                 :


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                        FILED:  February 23, 2016


          Paul Sam (Claimant) petitions for review, *pro se*, of the January 6, 2015, order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to deny Claimant's claim petition.  For the reasons that follow, we quash Claimant's petition for review.


          On September 11, 2012, Claimant filed a claim petition, alleging that he sustained an abdominal injury on July 19, 2012, while working as a table dealer at Sands Casino Resort in Bethlehem, which is owned by Sands Bethworks Gaming

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

LLC (Employer). (WCJ's Op. at 1.) Claimant sought total disability benefits from July 20, 2012, through July 31, 2012, as well as payment of medical bills, counsel fees, and transport. (*Id.*) Employer filed an answer denying the allegations in Claimant's claim petition. (*Id.*) After hearings on January 28 and April 15, 2013, the WCJ denied Claimant's claim petition, finding that Claimant produced no credible medical evidence to establish that any event at work caused an abdominal injury. (WCJ's Findings of Fact, No. 10.) Therefore, the WCJ concluded that Claimant failed to meet his burden of proving that he sustained a work-related injury on July 19, 2012. (WCJ's Conclusions of Law, No. 2.) Claimant appealed to the WCAB, which affirmed. Claimant now petitions for review of that decision.[2]

Preliminarily, Employer asserts that Claimant's petition for review should be dismissed as untimely. The WCAB issued its decision on January 6, 2015. Under Pa. R.A.P. 1512(a)(1), Claimant had 30 days from the entry of that order, or until February 5, 2015, to file his petition for review with this court.[3] Employer asserts that because Claimant's petition for review was not filed until February 25, 2015, it was untimely. We cannot agree.

On January 26, 2015, Claimant filed a *pro se* letter with this court, indicating his intent to appeal from the WCAB's decision and inquiring about the proper procedure for filing an appeal. In response, this court sent a notice to

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[3] "A petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa. R.A.P. 1512(a)(1).

Claimant, which stated that "[t]he date of January 26, 2015[,] will be preserved as the date of filing your appeal" and informed Claimant that he had 30 days from the date of the notice, or until February 25, 2015, to perfect his petition for review. (Cmwlth. Ct. Notice, 1/26/15, at 1.) Therefore, Claimant's petition for review filed on February 25, 2015, was timely.

In his *pro se* petition for review, Claimant asserts that he has obtained additional paperwork to support his claim petition, including hospital records and the names of his supervisors at the time of his work-related injury. Claimant's petition for review does not allege that the WCAB committed an error of law or that the WCJ's factual findings are unsupported by substantial evidence. Pa. R.A.P. 1513(d)(5) requires that an appellate jurisdiction petition for review contain "a general statement of the objections to the order or other determination"; however, "the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record." Pa. R.A.P. 1513(d)(5). This rule is "intended to preclude a finding of waiver if the court is able, based on the certified record, to address an issue not within the issues stated in the petition for review *but included in the statement of questions involved and argued in a brief*." Pa. R.A.P. 1513, Official Note (2014) (emphasis added).

Here, Claimant's brief does not include a statement of questions involved as required by Pa. R.A.P. 2116, which is fatal to his appeal. *See* Pa. R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *Lucarelli v. Workmen's Compensation Appeal Board (Emerson Electric)*, 546 A.2d 151, 152 (Pa. Cmwlth.

3

1988) (quashing the claimant's appeal where his brief failed to include a statement of questions involved).  Claimant's brief also fails to include a statement of jurisdiction and a summary of argument as required by Pa. R.A.P. 2114 and 2118.  Finally, the argument section of Claimant's brief does not comply with the requirements of Pa. R.A.P. 2119.[4]  As such, we conclude that the numerous procedural defects in Claimant's brief preclude this court from conducting a meaningful appellate review. *See Barber v. Tax Review Board*, 850 A.2d 866, 867-68 (Pa. Cmwlth. 2004); *In re Condemnation of Property of Estate of Ciaffoni*, 556 A.2d 504, 505 (Pa. Cmwlth. 1989).

We recognize that Claimant is proceeding *pro se*.  "Nevertheless, . . . a layperson who represents himself in legal matters must to an extent assume the risk that his lack of expertise in legal training will prove his undoing."  *Huffman v. Unemployment Compensation Board of Review*, 555 A.2d 287, 288 (Pa. Cmwlth. 1989).  "[W]hen a party fails to comply with the rules regarding contents of briefs, [this] court cannot speculate or for that matter formulate what we believe the party's argument on appeal is or ought to be."  *Ciaffoni*, 556 A.2d at 506.

---

[4] In his brief, Claimant contends that he was "defraud[ed] from meeting [his] burden of proof by Employer based on company policy" and there was a "miscarriage of medical reports." (Cl.'s Br. at 4; *see id.* at 6.)  These assertions do not raise discernible legal issues.

Accordingly, because Claimant failed to present any cognizable issues for our review, we quash his petition for review.[5]

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[5] Even if Claimant had filed a procedurally compliant brief, we would nonetheless affirm the WCAB's order because the credible evidence of record supports the conclusion that Claimant failed to prove that he sustained a work-related injury on July 19, 2012.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Sam,                           :

                                   : 243 C.D. 2015

             Petitioner     :

                                   :

           v.                  :

                                   :

Workers' Compensation Appeal    :

Board (Sands Bethworks        :

Gaming LLC),                 :

                                 :

           Respondent   :

## O R D E R

AND NOW, this 23rd day of February, 2016, we hereby quash Paul Sam's petition for review of the January 6, 2015, order of the Workers' Compensation Appeal Board.

_____

ROCHELLE S. FRIEDMAN, Senior Judge