IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gnana Chinniah a/k/a             :
Gnanachandra Chinniah,          :
          Appellant         :
                               :
          v.                 :
                               :
Nayra Forrester, Cumberland County  :
Housing and Redevelopment Authority :
(CCHRA), Steven Young,        :   No. 1111 C.D. 2020
and Becky Shull             :   Submitted: September 24, 2021

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                        FILED: February 7, 2022

Gnana Chinniah (Chinniah), *pro se*, appeals from the order of the Court of Common Pleas of Cumberland County (trial court) dated January 23, 2019, sustaining the preliminary objections of Steven Young, Becky Shull[1] and the Cumberland County Housing and Redevelopment Authority[2] (Young, Shull and Housing Authority, respectively; collectively, Housing Authority defendants) and dismissing the Housing Authority defendants from the complaint, and the October 5, 2020 order[3] of the trial court sustaining the preliminary objections of Nayra

---

[1] Chinniah avers that Young and Shull "are employees/agents of [the Housing Authority]." *See* Amended Complaint at 1, ¶ 4.

[2] The Housing Authority is a qualified public housing agency receiving federal funding from the United States Department of Housing and Urban Development. *See* Original Record (O.R.), Trial Court Statement in Lieu of Pa.R.A.P. 1925(a) Opinion (Trial Court Statement), 4/22/19, at 2 n.1.

[3] Chinniah's notice of appeal referenced only the order of October 5, 2020. However, as our Supreme Court has explained, "an appeal of a final order subsumes challenges to previous

Forrester (Forrester) and dismissing Chinniah's amended complaint. Upon review, we affirm.

## I. Background

On May 29, 2012, Forrester and Chinniah entered into a residential lease agreement concerning a rental unit located at 493 State Street, Apartment 1, Enola, Pennsylvania 17025 (the Property). *See* Original Record (O.R.), Amended Complaint, 8/13/18, Exhibit 1, Residential Lease Agreement at 1.[4] On the same date, Chinniah entered into a Housing Assistance Payment (HAP) contract with the Housing Authority, pursuant to which the Housing Authority agreed to provide rent assistance payments on behalf of Forrester. *See* O.R., Amended Complaint, 8/13/18, Exhibit 2, HAP Contract, Part A, at 1.[5]

In January 2018, Forrester complained to Chinniah of a ruptured water pipe in the basement of the Property. *See* O.R., Statement in Lieu of Pa.R.A.P. 1925(a) Opinion (Trial Court Statement), 4/22/19 at 2. On January 23, 2018, Young conducted an inspection of the Property on behalf of the Housing Authority to verify that the pipe had been repaired, during which he observed a cockroach infestation at the Property. *See* O.R., Trial Court Statement, 4/22/19 at 2. The same day, Young notified Chinniah of the cockroach infestation via e-mail and demanded that

interlocutory decisions." *Betz v. Pneumo Abex LLC*, 44 A.3d 27, 54 (Pa. 2012); *see also* Note to Pa.R.A.P. 341 (stating that "[a] party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order; citing *Betz*); *Ferrone v. Onorato* (Pa. Cmwlth., No. 1357 C.D. 2014, filed July 10, 2015), slip op. at 9 n.2, 2015 Pa. Commw. Unpub. LEXIS 492, at *12 n.2 (unreported) (citing *Betz* and Rule 341 Note).

[4] We note that the reproduced record filed by Chinniah is not paginated. *See* Pa.R.A.P. 2173 (providing, in relevant part, that "the pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . followed . . . by a small a"). Accordingly, citations to the record shall herein reference documents contained in the original record.

[5] We note that although the referenced page constitutes the first page of the excerpt provided by Chinniah, internal pagination indicates it is in fact page two of the original document.

Chinniah exterminate the cockroaches at both the Property and the adjoining rental unit. *See id.* Chinniah failed to remedy the cockroach infestation. *See id.* On April 2, 2018, Shull notified Chinniah that the Housing Authority would terminate the HAP contract on April 30, 2018, should Chinniah fail to remedy the cockroach infestation by that date. Chinniah still failed to do so. *See id.* Accordingly, the Housing Authority terminated the HAP contract on April 30, 2018. *See id.*

On May 21, 2018, Chinniah filed a landlord and tenant complaint.[6] *See* O.R., Trial Court Statement, 4/22/19 at 2. A magisterial district judge dismissed the complaint following a hearing held on June 5, 2018. *See id.* Chinniah timely appealed to the trial court. *See id.*

On June 28, 2018, Chinniah filed a complaint in the trial court levying claims of breach of contract, conspiracy, fraud, retaliation and defamation against Forrester and the Housing Authority defendants, seeking punitive damages and requesting injunctive relief in the form of an eviction order requiring that Forrester vacate the Property.[7] *See* O.R., Complaint, 6/28/18 at 1-5. On August 13, 2018, Chinniah filed an amended complaint asserting: (i) Forrester breached the lease agreement and the implied covenant of good faith and fair dealing; (ii) the Housing Authority breached the HAP contract and the implied covenant of good faith and fair dealing; (iii) the Housing Authority defendants engaged in a conspiracy, "based upon a contrived condition" and perpetuated by "fraudulent conduct," with "the specific intention of hurting and harming [Chinniah's] reputation[ and] business";

---

[6] Additionally, on May 14, 2018, Chinniah filed a petition for extraordinary relief with the United States Court of Appeals for the Third Circuit, which was denied on June 27, 2018. *See* O.R., Trial Court Statement, 4/22/19 at 2.

[7] Forrester and the Housing Authority defendants separately filed preliminary objections to Chinniah's initial complaint. *See* O.R., Housing Authority Defendants' Preliminary Objections, 7/24/18 at 1-13; O.R., Forrester's Preliminary Objections, 7/27/18 at 1-11.

3

(iv) Young unlawfully intruded on the Property and fabricated the alleged cockroach infestation; (v) the Housing Authority defendants interfered with Chinniah's contractual relations with Forrester, unlawfully retaliated against him on the basis of "prior protected activities," and defamed him; and (vi) Forrester defamed him and participated in the alleged conspiracy with the Housing Authority defendants. *See* O.R., Amended Complaint, 8/13/18 at 1-7. Chinniah also requested damages in excess of $50,000 "together with costs and punitive damages" and equitable relief in the form of an order evicting Forrester from the Property. *See id.* at 4-6.

On September 4, 2018, the Housing Authority defendants filed preliminary objections requesting that the trial court strike the amended complaint on the basis of various procedural defects, including, among other things, Chinniah's failure to attach a complete copy of the HAP contract to his amended complaint. *See* O.R., Housing Authority's Preliminary Objections, 9/4/18 at 1-9 (citing Pa.R.Civ.P. 1028(a)(2)). The Housing Authority defendants further objected that Chinniah's amended complaint lacked the level of specificity contemplated by Pennsylvania Rule of Civil Procedure 1028(a)(3). *Id.* at 9-12 (citing Pa.R.Civ.P. 1028(a)(3)). Further, the Housing Authority defendants demurred to Chinniah's claims of breach of contract, conspiracy, fraud, violation of the right to be free from the unlawful and unreasonable search of private property, intentional interference with contractual relations, unlawful retaliation and defamation. *Id.* at 12-30 (citing Pa.R.Civ.P. 1028(4)).

On September 12, 2018, Forrester filed preliminary objections asserting that Chinniah failed to attach the requisite verification and complete copies of the referenced exhibits to the amended complaint. O.R., Forrester's Preliminary Objections, 9/12/18 at 3-4, ¶¶ 13-25 (citing Pa.R.Civ.P. 1019(b), 1024(c)). Forrester

4

also demurred to Chinniah's claims of breach of contract and conspiracy. *Id.* at 3-7, ¶¶ 26-44. Further, Forrester demurred to the amended complaint, asserting that Chinniah was precluded from recovering punitive damages in an action for breach of contract and that he failed to establish a right to the requested injunctive relief for failure to plead the requisite elements of such a claim and, further, that the claim was moot because Forrester had vacated the rental unit. *See id.* at 6-9, ¶¶ 34-38, 45-56. Chinniah filed a motion to strike Forrester's preliminary objections, and Forrester filed an answer thereto. *See* O.R., Motion to Strike at 1-2; O.R., Forrester's Answer to Chinniah's Motion to Strike at 1-12.

The trial court held argument in December 2018. *See* O.R., Trial Court Statement, 1/19/21 at 2. By order dated January 23, 2019, the trial court sustained the preliminary objections of the Housing Authority defendants, dismissed them from the case, dismissed Counts III, IV and V of the amended complaint and directed Forrester to answer the remaining averments of the amended complaint within 20 days.[8] *See* O.R., Trial Court Order at 1-2, 1/23/19.[9] The trial court also struck paragraphs 18, 23-24, 26-27, 33, and 36-38 of the amended complaint "without substitution."[10] *Id.* at 2.

---

[8] We observe that the trial court directed Forrester to answer Chinniah's amended complaint without expressly ruling on Forrester's initial set of preliminary objections to the amended complaint.

[9] The trial court noted that Forrester's September 12, 2018 Preliminary Objections were not considered as part of its January 23, 2019 order, as Forrester did not file the requisite praecipe to list them for the December 2018 argument. *See* Trial Court Statement, 1/19/21 at 2 n.1.

[10] The trial court explained in its April 22, 2019 statement in lieu of a Rule 1925(a) opinion that "scurrilous and otherwise improper paragraphs were stricken to focus the action on the core contract issues[.]" O.R., Trial Court Statement, 4/22/19 at 3. The stricken paragraphs of the amended complaint included, among other allegations, Chinniah's assertions that the Housing Authority contrived the alleged cockroach infestation in retaliation for being sued by Chinniah in

On February 11, 2019, despite having been directed to answer the remaining averments of the amended complaint, Forrester filed additional preliminary objections to the amended complaint, again demurring to Chinniah's breach of contract claim and asserting that Chinniah failed to establish a right to injunctive relief, and further objecting on the basis that Chinniah failed to attach necessary writings or the requisite verification to his amended complaint. Forrester's Preliminary Objection's, 2/11/19 at 5-9, ¶¶ 14-48 (citing Pa.R.Civ.P. 1024 & 1019).[11]

---

2015, that the Housing Authority demanded that Chinniah sign a release waiving the right to participate in "Section 8" (presumably referring to the Section 8 Housing Choice Voucher Program, *see* 42 U.S.C. § 1437f), that Forrester and the Housing Authority acted maliciously with specific intent to harm Chinniah, and that Forrester and the Housing Authority defendants engaged in a conspiracy to breach their agreements with Chinniah. *See* O.R., Amended Complaint at 3-4, ¶¶ 18, 23-24, 26-27, 33, 36-38.

[11] Pennsylvania Rule of Civil Procedure 1024(a) provides:

> Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

Pa.R.Civ.P. 1024(a). Pursuant to Pennsylvania Rule of Civil Procedure 1019(i),

> (i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.Civ.P. 1019(i).

Chinniah filed a notice of appeal from the trial court's January 23, 2019 order. In April 2019, the trial court issued a statement in lieu of a Rule 1925(a) opinion expounding upon its January 23, 2019 order. *See* O.R., Trial Court Statement, 4/22/19 at 1.[12] The trial court opined that Chinniah's tort claims were barred under the "gist of the action" doctrine and, further, that they were insufficiently pleaded as a matter of law. *Id.* at 3. The trial court also noted that neither Young nor Shull was party to either the residential lease agreement or the HAP contract and that Chinniah failed to establish any other basis for joining them in the instant action. *Id.* Further, the trial court observed that the HAP contract prohibits the Housing Authority from "mak[ing] any housing assistance payments if the contract unit does not meet the [Housing Quality Standards,]" and permits the Housing Authority to "inspect the contract unit and premises at such times as the [Housing Authority] determines necessary, to ensure" compliance with those standards. *Id.* at 4 (quoting HAP Contract, Part B(3)(d)). The trial court further opined that Chinniah's allegations failed to support a breach of contract action that would permit recovery against the Housing Authority. *See id* at 4. Thus, the trial court concluded that "[h]aving accepted the well pleaded material facts of the complaint as true, the preliminary objections were properly sustained because it is clear that based on the facts alleged in the complaint [Chinniah] is not entitled to recovery as a matter of law." *Id.*

On March 9, 2020, this Court issued a memorandum opinion and order quashing Chinniah's appeal on the basis that the trial court's January 23, 2019 order

---

[12] The trial court observed that "[t]he bulk of [Chinniah's] claimed errors [were] written in a manner that [made] direct review of the issues difficult," noting that Chinniah's appeal "include[d] a rambling, confusing, and nearly incomprehensible Introductory Summary Statement accompanied by six issues raised for review." O.R., Trial Court Statement, 4/22/19 at 1. Accordingly, the trial court addressed the six issues raised by Chinniah "as a whole." *Id.*

did not constitute a final order. *Chinniah v. Forrester* (Pa. Cmwlth., No. 176 C.D. 2019, filed March 9, 2020), slip op. at 5-6 (citing Pa.R.A.P. 341).

In July 2020, the trial court held argument regarding Forrester's new preliminary objections, at which Chinniah failed to appear. *See* Supplemental Original Record (S.O.R.), Trial Court Statement, 1/19/21 at 3. By order dated October 5, 2020, the trial court sustained Forrester's preliminary objections and dismissed Chinniah's complaint[13] with prejudice as to Forrester. *See* S.O.R., Trial Court Order, 10/5/20.[14]

Chinniah again appealed to this Court, filing a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement). O.R., Rule 1925(b) Statement, 3/11/19 at 1 & 4-5. In January 2021, the trial court issued a statement in lieu of a Rule 1925(a) opinion, elaborating upon its October 5, 2020 order. *See* S.O.R., Trial Court Statement, 1/19/21 at 1.[15] The trial court presumed that Chinniah relied on his

---

[13] The trial court presumably references Chinniah's amended complaint. *See* Supplemental Original record (S.O.R.), Trial Court Order, 10/5/20.

[14] The trial court's October 5, 2020 order reads, in relevant part: "upon review of . . . Forrester's [p]reliminary [o]bjections, it is hereby ordered that the [p]reliminary [o]bjections are sustained. [Chinniah's] [c]omplaint is hereby dismissed <u>with prejudice</u> as to [] Forrester." S.O.R., Trial Court Order, 10/5/20. We note that the trial court failed to specify either in this order or in its January 19, 2021 Statement expounding thereon whether it was sustaining Forrester's initial September 12, 2018 preliminary objections, her subsequent February 11, 2019 preliminary objections, or both.

[15] The trial court noted that Chinniah's case was ripe for appeal. *See* S.O.R., Trial Court Statement, 1/19/21 at 1 (citing Pa.R.A.P. 341(b)). The trial court observed that Chinniah's "appeal include[d] a rambling, defensive, and confusing Introductory Summary Statement accompanied by . . . claims of error written in a manner to elude review." *Id.* at 4. Accordingly, the trial court explained that its "statement, presented in lieu of a formal 1925(a) opinion, [would] address[] [Chinniah's] issues as a whole and [was] offered in support of the actions taken in [the] matter." *Id.*

September 24, 2018 consolidated brief, as he failed to file a new brief or appear for argument in July 2020. *See* S.O.R., Trial Court Statement, 1/19/21 at 3. The trial court explained that it dismissed Chinniah's complaint[16] because his brief "comprise[d] only self-serving, bald allegations, cursory arguments that lack[ed] any meaningful discussion of the pertinent legal principles, and [did] not cite to relevant legal authority." *Id.* The trial court further noted that Chinniah failed to raise and, thus, waived any challenge to its decision to sustain Forrester's preliminary objections. *Id.* The trial court stated that Chinniah's appeal "provide[d] an unfocused, deficient statement of errors with bare assertions of error" and that "in several instances, his contentions involve[d] conflating the federal proceedings and the instant case." *Id.*

The trial court determined that "[a]t its core, this contract litigation [was] a straight forward [sic] landlord and tenant action resulting from frozen pipe repairs and cockroach infestations at the subject property." *Id.* The trial court held that the tort claims set forth in Chinniah's amended complaint were barred under the "gist of the action" doctrine and were insufficiently pleaded as a matter of law. *Id.* at 5. The trial court noted that Chinniah failed to address the required elements or provide material facts in support of his intentional tort claims. *Id.* The trial court also pointed out that neither Young nor Shull was a party to the contracts between Chinniah and the remaining defendants, that Chinniah provided no material facts for joining Young or Shull in their individual capacities, and that Chinniah did not aver that Young or Shull acted under color of law to deprive him of his constitutional rights. *Id.* Further, the trial court found meritless Chinniah's claim for breach of contract, noting that the HAP contract provided for inspection of the premises by the

---

[16] We presume that the trial court's references to the complaint here and throughout are to Chinniah's amended complaint.

9

Housing Authority at any time deemed necessary to ensure compliance with housing quality standards and the denial of housing assistance payments in the event these standards were not met. *Id.* Thus, the trial court concluded that accepting all well pleaded material facts as true, it was clear that Chinniah was unable to sustain his claims as a matter of law. *See id.* at 5-6.

## II. Issues

On appeal,[17] Chinniah argues that the trial court "failed to abide [by] the standard of review in ruling on preliminary objections" by failing to accept all allegations set forth in his amended complaint as true. Chinniah's Br. at 7 (citing *Jones v. City of Phila.*, 893 A.2d 837, 843 (Pa. Cmwlth. 2006)). Chinniah contends that "the lower court clearly decided issues of fact, and construed the pleading[s] in the light most favorable to the Defendants, and not the Plaintiff[] as the standard of review requires." *Id.* at 7. Chinniah also "stress[es] that the lower court wrongfully entertained [Forrester's] renewed preliminary objections . . . after the lower court's 23 January 2019 [order] clearly and unambiguously directed . . . Forester [sic] to 'answer the remaining averments of the [a]mended [c]omplaint within 20 days' of the date of that Order." *Id.* at 7-8. Thus, Chinniah asserts that "Forester's [sic] preliminary objections were filed in violation of [that order], and this Court should remand with the specific direction that Forester [sic] file the answer that was ordered." *Id.* at 8.

With respect to his breach of contract claims, Chinniah maintains that the trial court erred in "resolv[ing] all factual disputes" and "determin[ing] that . . . [d]efendants had [the] right[] to withhold rental payments" when Chinniah had

---

[17] "Our review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court erred as a matter of law or abused its discretion." *Kull v. Guisse*, 81 A.3d 148, 154 n.2 (Pa. Cmwlth. 2013).

10

alleged that the cockroach infestation "was manufactured by the [d]efendants, and did not in reality exist." Chinniah's Br. at 8.

Chinniah contends that "[t]he remaining claims against the [Housing Authority d]efendants all stem from their breach of the duty of good faith and fair dealing," which Chinniah asserts "is implied in all contracts[.]" Chinniah's Br. at 8. Chinniah maintains that "[t]hese claims are all easy to understand, and support the additional claims [he] has raised, . . . involving the additional matters under the 'gist of the case' doctrine" and "the discrimination and retaliation claims."[18] *Id.* at 8-9 (citing *eToll, Inc. v. Elias/Savion Advert.*, 811 A.2d 10 (Pa. Super. 2002)). Chinniah further asserts that the trial court's statement in lieu of a Rule 1925(a) opinion wrongfully "decried [him] as attempting to create a federal case out of a simple landlord/tenant issue,"[19] pointing out that his amended complaint acknowledged his federal litigation also involved the Housing Authority and averring that he "raised this issue because it is an actual basis for his claims that that litigation was the reason for the course of conduct engaged in by the [defendants]." Chinniah's Br. at 9. Thus, Chinniah contends that rent was withheld in "retaliation . . . for the past, and ongoing, litigation of which the [Housing Authority] is a part," and also as the result of "discrimination against him based upon his national origin as part of the discriminatory history with which he has been dealing for years in East Pennsboro Township[.]" *Id.* at 9-10. Asserting that the trial court "recognized that this is a simple landlord/tenant and breach of contract action at its core," Chinniah maintains that he has "stated a clear and easy to understand claim that he has not been paid

---

[18] None of the counts in Chinniah's amended complaint contain allegations of discrimination or retaliation. *See* O.R., Amended Complaint at 4-6, ¶¶ 30-50.

[19] Chinniah presumably refers to the trial court's April 22, 2019 statement in lieu of a Rule 1925(a) opinion. *See* Pa.R.A.P. 1925(a).

11

rents that are due[] by both [] Forrester and the [Housing Authority]." *Id.* at 9.

Chinniah also asserts that the allegations contained in his amended complaint establish a claim for interference with the pursuit of his business or avocation, maintaining "[i]t has long been the law that [such] claims . . . are actionable." *Id.* at 10 (citations omitted). Further, Chinniah asserts that Forrester and the Housing Authority have "conspir[ed] to interference [sic] with [his] pursuit of [] legal rights and relations[.]" *Id.*

The Housing Authority defendants counter that Chinniah waived "any and all arguments" for failure to provide necessary citations to the record in accordance with Pennsylvania Rules of Appellate Procedure 2119(c) and 2132.[20] *See* Housing Authority's Br. at 7-9 (citing *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006)). Further, the Housing Authority defendants assert that Chinniah's failure to include the sole issue identified in the "Statement of the Issue"[21] section of his appellate brief in his Rule 1925(b) Statement renders that issue waived. *Id.* at 9. The Housing Authority defendants also maintain that even though Chinniah referenced his claims involving retaliation, collusion/conspiracy and defamation in his Rule 1925(b) Statement, they are, nevertheless, waived for failure to include them in the "Statement of the Issue" portion of his appellate brief. *Id.* at 10 (citing Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in

---

[20] The Housing Authority cited Rules 2119(c) and 2132 as Pennsylvania Rules of *Civil* Procedure, but apparently intended to reference appellate rules 2119(c) and 2132.

[21] The Housing Authority posits that the "Statement of the Issue" section of Chinniah's appellate brief is "presum[ably] Chinniah's effort to set forth [the] Statement of Questions Involved required by Pennsylvania Rule of Appellate Procedure 2116." Housing Authority Defendant's Br. at 9 n.2.

the statement of questions involved or is fairly suggested thereby.")).[22] Moreover, the Housing Authority defendants contend that the trial court did not err in sustaining its preliminary objections, because Chinniah's claims are "factually unsupportable." *Id.* at 14.

Forrester also counters that Chinniah waived the sole issue raised on appeal for failure to include in his Rule 1925(b) Statement and that the trial court did not err in sustaining her preliminary objections as Chinniah's amended complaint nevertheless failed to plead any viable claim. *See* Forrester's Br. at 6-15.

### III. Discussion

Preliminary objections "are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom . . . ." *Lennitt v. Dep't of Corr.*, 964 A.2d 37, 40 (Pa. Cmwlth. 2008). "The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the [complaint]." *Thomas v. Corbett*, 90 A.3d 789, 794 (Pa. Cmwlth. 2014). "In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery and any doubt should be resolved by a refusal to sustain them." *Neely v. Dep't of Corr.*, 838 A.2d 16, 19 n.4 (Pa. Cmwlth. 2003); *see also Mueller v. Pa. State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. 1987) (holding that "[w]hen faced with a demurrer, the pertinent inquiry for a reviewing court is to determine whether the [plaintiff] has stated on the face of his [complaint] a cause of action that, if proved, would entitle him to relief").

---

[22] Pennsylvania Rule of Appellate Procedure 2116(a) further provides that "[t]he statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein." Pa.R.A.P. 2116(a).

13

Chinniah's Rule 1925(b) Statement raised the following issues for appellate consideration:

> 1. Whether [the trial c]ourt erred when it granted the [p]reliminary [o]bjections of [the Housing Authority d]efendants who were under a valid contract to pay their co-payment of $601 for April 2018, and admitted it when they tried to coerce [Chinniah] to sign a "global release" [] to forgo [the] federal right to do business with [HUD][23] through [the] Sec[tion] 8 program?
>
> 2. Whether [the trial c]ourt erred in failing to recognize [Chinniah's] claims under state law that all individual [d]efendants have acted in their private interest, as witnesses in federal litigation, in retaliating against [Chinniah], obstructing their right of access to justice under common law principles, pursuant to civil conspiracy between and among them?
>
> 3. Whether this Court erred in its 24 January 2019 [o]rder[24] granting [the Housing Authority d]efendants' [p]reliminary [o]bjections dismissing all serious state law claims related to retaliation, collusion/conspiracy and defamation related counts, causing [a] miscarriage of justice?
>
> 4. Whether [the trial c]ourt's order entered shortly after the [United States] Court of Appeals for the Third Circuit sent its order to the [United States] District Court and counsel including [the Housing Authority d]efendants sent a wrong message to the counsel for co-defendant [] Forrester to file another [set of] [p]reliminary [o]bjections although [the order] directed [Forrester] to file [an a]nswer[]?

---

[23] Chinniah presumably intends to reference the United States Department of Housing and Urban Development.

[24] We presume Chinniah intends to refer to the trial court's January 23, 2019 order sustaining the preliminary objections of the Housing Authority defendants and dismissing them from the complaint. *See* O.R., Trial Court Order, 1/23/19.

14

5. Whether the [o]rder of [the trial c]ourt entered on 24 January 2019 is inconsistent with the ruling of the [United States] Court of Appeals for the Third Circuit in a closely related case over the confusion created by the [United States] District Court [o]rder, when [it] declined to exercise [] mandatory jurisdiction over the state court claims under 28 U.S.C. § 1367, and [would] result in another litigation vortex by proceeding with the appeals with [s]tate [c]ourts?

6. Whether [the trial c]ourt, in the continuing exercise of its jurisdiction pending appeal, can assist and/or direct the parties to make reasonable efforts to resolve this litigation?

O.R., Rule 1925(b) Statement, 3/11/19 at 4-5. In the statement of questions involved[25] portion of his appellate brief, Chinniah identifies the sole issue on appeal as

[w]hether the [trial c]ourt violated the standard of review in granting the preliminary objections of the [defendants] and dismissing the case when the verified [a]mended [c]omplaint set forth causes of action arising out of a lease agreement and contract for public assistance housing by failing to accept the facts in [his] [a]mended [c]omplaint as true.

Chinniah's Br. at 2.[26] Thus, Chinniah's statement of questions involved raises for appellate review only the question of whether the trial court violated the applicable

---

[25] Chinniah titled this section of his appellate brief the "Statement of the Issue." *See* Chinniah's Br. at 2.

[26] Read in conjunction with his amended complaint and the remainder of his appellate brief, Chinniah's argument presumably asserts that the trial court should have accepted as true his averment that Forrester and the Housing Authority defendants "manufactured" the cockroach infestation. *See* Chinniah's Br. at 8; *see also* Amended Complaint at 2 & 5, ¶¶ 16, 40 & 43.

As observed by the trial court, Chinniah failed to raise the issue of whether the trial court erred in sustaining Forrester's preliminary objections in his Rule 1925(b) Statement. *See* S.O.R.,

15

standard of review in sustaining the Housing Authority defendants' demurrer[27] to his breach of contract claims by failing to accept the facts averred in his amended complaint as true (presumably referencing his averment that Forrester and the Housing Authority defendants manufactured the alleged cockroach infestation). *See id.* However, Chinniah's Rule 1925(b) Statement does not contain this assertion and, comparing the two statements, we further conclude the sole issue identified in the statement of questions involved does not constitute an issue subsidiary to any of the questions raised in the Rule 1925(b) Statement. Chinniah has, therefore, failed to preserve this question for appellate review. *See* Pa.R.A.P. 1925(b)(4)(v), (vii) ("Each error identified in the [Rule 1925(b) s]tatement will be deemed to include every subsidiary issue that was raised in the trial court[.] . . . Issues not included in the [Rule 1925(b) s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) ("re-affirm[ing] the bright-line rule" that "[a]ny issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived," and "specifically voic[ing] the Court's] disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions [to this rule] and have addressed issues that should have been deemed waived"); *In re Fry*, 110 A.3d 1103, 1110 (Pa. Cmwlth. 2015) (citing Pa.R.A.P. 1925(b) (appellant waived issue on appeal for failure to include in Rule 1925(b) statement)); *Kull v. Guisse*, 81 A.3d 148, 160 (Pa. Cmwlth. 2013) (holding that "[i]ssues not included in a party's 1925(b) [s]tatement are waived and

Trial Court Statement, 1/19/21 at 3. Thus, any such challenge is waived. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005).

[27] Chinniah waived any challenge to Forrester's demurrer to his breach of contract claim for failure to include in his Rule 1925(b) Statement. *See* O.R., Rule 1925(b) Statement, 3/11/19 at 4-5.

will not be addressed on appeal" and deeming appellant's assertion waived for that reason, further noting that appellant's failure to raise the issue in the statement of questions involved portion of his appellate brief provided an additional, independent basis for waiver); *In re G.D.,* 61 A.3d 1031, 1036 n.3 (Pa. Super. 2013) (certain issues raised in statement of questions involved portion of appellate brief nevertheless waived due to omission by appellant from Rule 1925(b) statement); *see also Barber v. Tax Review Bd.*, 850 A.2d 866, 867 (Pa. Cmwlth. 2004) ("In appellate practice, the Pennsylvania Rules of Appellate Procedure govern the form of and filing of briefs. Compliance with those rules is mandatory.").

Likewise, we note that the issues identified on appeal by Chinniah in his Rule 1925(b) Statement are waived, as they are not identified or fairly suggested by the single issue preserved in the statement of questions involved in his appellate brief. *See City of Phila. v. Robinson*, 123 A.3d 791, 797 (Pa. Cmwlth. 2015), *as amended* (Sept. 15, 2015) (appellant "failed to preserve [] issue because he did not raise it in his statement of questions involved"); *Appeal of Gemstar/Ski Bros.*, 574 A.2d 1201, 1203 (Pa. Cmwlth. 1990) (declining to address issue raised in appellant's notice of appeal and discussed in appellant's brief due to omission from statement of questions involved portion of appellate brief). As recited in full above, Chinniah's Rule 1925(b) Statement asserted, *inter alia*, that the trial court erred in sustaining the preliminary objections of the Housing Authority defendants when the Housing Authority was contractually obliged to provide rent assistance payments; in dismissing his claims of conspiracy, retaliation and defamation; and in "sen[ding] a wrong message" to Forrester through its January 23, 2019 order. *See* O.R., Rule 1925(b) Statement, 3/11/19 at 1 & 4-5. We do not find any of these issues to be fairly suggested by the single issue identified in Chinniah's statement of questions

17

involved—namely, whether the trial court violated the applicable standard of review in sustaining the demurrer to his breach of contract claims by failing to accept as true the facts averred in his amended complaint.[28]

## IV. Conclusion

For the foregoing reasons, we affirm the trial court's decisions sustaining the preliminary objections of Forrester and the Housing Authority defendants and dismissing Chinniah's amended complaint. *See Kull*, 81 A.3d at 160-61 (affirming decision of trial court to sustain preliminary objections and dismiss amended complaints on the basis that appellant waived appellate review of claim where he did not assert claim in statement of errors complained of on appeal, and he did not raise issue in statement of questions involved in his appellate brief).

---

[28] Chinniah's *pro se* status does not obviate his legal duty to preserve issues for review. *See Commonwealth v. Williams*, 896 A.2d 523, 535 (Pa. 2006) ("Electing to proceed *pro se* does not excuse issue preservation.") (italics added); *accord Finfinger v. Unemployment Comp. Bd. of Rev.*, 854 A.2d 636, 639 (Pa. Cmwlth. 2004) ("a layperson who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing") (citing *Daly v. Unemployment Comp. Bd. of Rev.*, 631 A.2d 720 (Pa. Cmwlth. 1993)).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gnana Chinniah a/k/a | : | |
| Gnanachandra Chinniah, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Nayra Forrester, Cumberland County | : | |
| Housing and Redevelopment Authority | : | |
| (CCHRA), Steven Young, | : | No. 1111 C.D. 2020 |
| and Becky Shull | : | |

**PER CURIAM**                **O R D E R**

AND NOW, this 7th day of February, 2022, the January 23, 2019 and October 5, 2020 orders of the Court of Common Pleas of Cumberland County are AFFIRMED.